414 So.2d 349 (1982)
STATE of Louisiana
v.
Danny DAY.
No. 81-KA-2413.
Supreme Court of Louisiana.
May 17, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Don C. Burns, Dist. Atty., Russell Woodard, Asst. Dist. Atty., for plaintiff-appellee.
Paul Henry Kidd, Monroe, Ann Woolhandler, and Michael G. Collins, New Orleans, for defendant-appellant.
*350 WATSON, Justice.[*]
Defendant, Danny Day, was convicted of simple robbery and sentenced to four years at hard labor. LSA-R.S. 14:65. On appeal, defendant assigns two errors by the trial court.

FACTS
On August 4, 1980, Danny Day, was in a light green Monte Carlo automobile with Roey Donald and the owner, Marvin Johnson. Before picking up defendant Day, Donald and Johnson had robbed Louis' Wine Cellar in Monroe. The three were going to Houston. Enroute, they spontaneously decided to rob Braddock's Liquor Store near Columbia, Louisiana. Day covered his face with a purple shirt and went in the store with Donald's sawed-off, automatic, 12 gauge shotgun. James Clayton Parker, the owner-operator, and two customers were in the store. Day pointed the sawed-off shotgun at Parker's face, shoved a black bag across the counter and demanded cash. Parker stuffed the bag with money and Day joined the other two in the car. All three young men were intoxicated, and the vehicle hit a bridge railing about fourteen miles north of Pollock.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that a mistrial should have been declared because of misconduct by a juror, George W. McIlwain, who talked to one of the State's prospective witnesses. LSA-C.Cr.P. art. 775.[1]
McIlwain went to the third floor of the courthouse to look at some new jail facilities and encountered a potential witness, Chief Deputy Dale Powell. Powell gave McIlwain a cup of coffee and they chatted for a few minutes. Although defendant's case was not discussed, the conversation violated the court's orders to the jurors.[2]
At the hearing on the motion for mistrial, McIlwain stated: "... I made a mistake, I realized it when I seen him, but I did not go up there to see Deputy Powell." The trial court determined that there was no prejudice because the encounter did not affect McIlwain's ability to impartially evaluate the evidence. The court readmonished the jury not to mingle with any of the witnesses. Chief Deputy Powell did not testify at the trial.
A juror's misconduct is not a ground for automatic mistrial. Prejudice must also be established. State v. Ireland, 377 So.2d 299 (La.1979); State v. Daniel, 378 So.2d 1361 (La.1979). Defendant failed to show prejudice but argues that it should be presumed. Even granting this argument, any presumption of prejudice was rebutted.
Alternatively, defendant contends that the motion for mistrial should have *351 been granted because Mr. McIlwain's close ties to the sheriff's office rendered him incapable of being impartial. McIlwain is a friend of Lance Arthurs, an employee of the former sheriff, who had run unsuccessfully against Hoot Reitzell for sheriff, and also a friend of Reitzell. These facts were volunteered at the hearing on the motion for mistrial.
McIlwain was accepted as a juror by defendant after extensive questioning. The questioning did not cover the subject of his friends in the sheriff's office. However, there is no indication that these friendships would prevent him from being an impartial juror. LSA-C.Cr.P. art. 797.
The trial court did not err in denying the motion for mistrial.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant maintains there are three grounds for setting aside his sentence:
A. The trial court did not adequately consider the criteria in LSA-C.Cr.P. art. 894.1. Implicit in this argument is an attack on the excessiveness of the sentence. At the sentencing hearing the court stated:
"[A]nytime any type of robbery is committed this presents a real danger to human life to the victims as well as the perpetrator. I note, for the record, that you were charged with the crime of armed robbery, but that the jury found you guilty of simple robbery. The maximum sentence for simple robbery is seven years. I have not given the maximum sentence because of you not having any prior record of felonies or misdemeanors and because of your youth. However, I feel that a lesser sentence would tend to deprecate the seriousness of the crime. And I feel that because of the seriousness of the crime, you are in need of a correctional environment...." (Tr. 293-294)
These reasons are sufficient unless they are without objective basis in the record.
The maximum sentence for simple robbery is seven years at hard labor. LSA-R.S. 14:65. A four year sentence with the possibility of parole is a relatively lenient sentence. Considering the danger created by defendant to the three people in the store, a four year period of incarceration is not disproportionate to the crime; the sentence is not excessive. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Franks, 391 So.2d 1133 (La.1980).
B. Defendant contends that the court incorrectly imposed sentence as if defendant were convicted of armed robbery instead of simple robbery.
A sentence must be individualized and this entails consideration of the underlying circumstances of the crime. LSA-C. Cr.P. art. 875(A)(1); LSA-C.Cr.P. art. 894.1(A)(3); State v. Sepulvado, 367 So.2d 762 (La.1979).
The jury could have convicted the defendant of armed robbery. There was uncontradicted evidence that defendant robbed the store with a dangerous weapon. Counsel successfully urged the jury not to subject defendant to the harsh penalty range of armed robbery. There was extensive argument about the relatively lenient sentences received by Donald and Johnson. The court could not ignore the underlying circumstances of the crime and still individualize the sentence. State v. Sepulvado, supra.
C. Defendant contends that he was denied equal protection because his co-defendants, each far more reprehensible than he, were punished less or only slightly more than he was.[3]
*352 Individualizing a sentence can not be done without independently considering the merits of each case. State v. Rogers, 405 So.2d 829 (La.1981); State v. Sepulvado, supra. Disparities are inherent in a system where punishment is tailored to fit the defendant and the crime. The Equal Protection Clause only dictates that all defendants be afforded the same sentencing considerations and does not compel any particular result. Results are measured only against the requirement that sentences not be excessive. State v. Rogers, supra. One factor in determining whether a particular sentence is excessive is the sentences given to other defendants in similar circumstances. State v. Sims, 410 So.2d 1082 (La.1982). This is only one factor; under all of the relevant criteria, defendant's sentence is not excessive.
This assignment lacks merit.

DECREE
For the foregoing reasons, the conviction and sentence of defendant, Danny Day, are affirmed.
AFFIRMED.
NOTES
[*] Judges Israel M. Augustine, Jr., and Philip C. Ciaccio of the Court of Appeal, Fourth Circuit, and H. Charles Gaudin of the Court of Appeal, Fifth Circuit, participated in this decision as Associate Justices Ad Hoc joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] LSA-C.Cr.P. art. 775 provides:

"A mistrial may be ordered, and in a jury case the jury dismissed, when:
"(1) The defendant consents thereto;
"(2) The jury is unable to agree upon a verdict;
"(3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;
"(4) The court finds that the defendant does not have the mental capacity to proceed;
"(5) It is physically impossible to proceed with the trial in conformity with law; or
"(6) False statements of a juror on voir dire prevent a fair trial.
"Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
"A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial."
[2] "1. Do not mingle with or talk to the lawyers, the witnesses, the parties, or any other person who might be connected with or interested in this case, except for casual greetings. They have to follow these same instructions and you will understand it when they do." (Tr. 10)
[3] Marvin Johnson was convicted of simple robbery in connection with the Monroe robbery. He pled guilty to simple robbery of Braddock's. He received concurrent sentences of five years at hard labor.

Roey Donald received a sentence of five years at the "P-Farm" for his involvement in the robbery of Louis' Wine Cellar. He was sentenced to four years at the "P-Farm" for his participation in the Braddock's robbery. Sentences were to be served concurrently. "P-Farm" time is not served at hard labor.
Johnson and Donald were emotionally and/or mentally ill to some extent. Both have been in mental institutions; both have attempted suicide. Donald is an alcoholic. Donald and Johnson are approximately five years younger than defendant Day, who was 25 at the time of sentencing.