NORRIS, Judge.
Defendant, Don Ray Walker, appeals two consecutive sentences of six months imprisonment without hard labor after a jury conviction of two counts of simple battery in violation of La.R.S. 14:35 assigning as errors:
(1) The sentencing Judge enhanced the harshness of the sentence because the victims were police officers, without statutory authority and in violation of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America and Article I, Section 3 of the Louisiana Constitution of 1974; [and]
(2) The sentencing Judge failed to accord any weight to sections (3), (4), and (5) of [La.C.Cr.P. Art.] 894.1(b) which would *1258 mitígate harshness of the sentencing code.
[Bracketed material added.]
• For the reasons hereinafter set forth, we find no abuse of the sentencing choices of the sentencing judge and affirm.
On March 31, 1983, Sergeant Royce To-ney, Officer Calvin Woodall and Detective Robbie Freeman of the Metro Narcotics Unit were at the Backseat Lounge in Monroe, Louisiana. After their arrival, Toney was recognized by the defendant whom Toney had previously arrested and who began harassing Toney verbally. When the three officers attempted to leave the lounge, Toney was pushed outside and a fight ensued with one of the participants holding Toney while defendant struck To-ney about the head and face. When Woo-dall observed what was occurring, he intervened. Woodall grabbed defendant and pulled him off of Toney. Defendant resisted and Woodall grabbed defendant a second time punching him in the face. Defendant landed on the top of the hood of a vehicle where Woodall pinned him down. Thereafter, someone came up behind Woo-dall and grabbed him across the face as though attempting to gouge out his eyes. In an attempt to remove himself from his attacker’s grasp, Woodall leaned forward. Defendant then kicked him in the face causing Woodall to fall, hit his head, and lose consciousness. A third party observed defendant attempting to stomp Woodall in the head and pulled defendant away.
As a result of this altercation, Toney and Woodall suffered facial and head injuries requiring that they be taken to Glenwood Medical Center’s Emergency Room. To-ney’s injuries were in the facial area and around his eyes and he later consulted an opthamologist to determine the extent of his injuries when he continued to have trouble with his eyes. Woodall’s injuries rendered him unconscious for some period of time and were also primarily in the area of the face and head. Additionally, Woodall was bleeding profusely from the mouth and stitches were required.
Defendant was originally charged with two counts of second degree battery in violation of La.R.S. 14:34.1, tried by jury and convicted of two counts of simple battery. The sentencing judge imposed two consecutive six month sentences, the maximum term of incarceration which could have been imposed in this case.
In sentencing this defendant, the judge noted the defendant’s past history of criminal conduct, including numerous traffic offenses, two convictions of contempt of court, a conviction of misdemeanor theft after a plea bargain reducing an original charge of felony theft, a conviction of possession of marijuana and a conviction for failure to appear. Concerning the offenses for which the defendant was convicted after this trial, the sentencing judge stated that the involved offenses represented a serious, brazen and intentional attack on two police officers as a result of defendant’s desire to exact some form of revenge against Toney for his previous activities in connection with his employment regarding this defendant. The judge further noted the serious injuries which resulted to both officers, particularly Woodall. The judge, who heard all of the evidence during the trial, concluded that this defendant “set out” to cause serious harm to these police officers when he initiated his actions and that such harm was in fact caused. Stating that he could not condone such actions because to do so would undermine the efforts of the officers and would result in widespread demoralization within their ranks, he was of the opinion that because of the seriousness of these offenses that the sentences actually imposed, although maximum sentences of incarceration for the crimes convicted, were extremely lenient. While the trial judge noted that there were medical problems in the defendant’s family which involved the defendant, he concluded that these factors would not cause a term of imprisonment to create an excessive hardship for the defendant. As is evidenced by the statement of considerations filed in the record, the judge found no mitigating factors to be present.
*1259 On appeal, defendant does not expressly assert that these sentences are excessive but argues that it was improper for the trial judge to impose an enhanced penalty because the victims were police officers and that the judge failed to give appropriate weight to the mitigating factors enumerated in La.C.Cr.P. Art. 894.1. However, it is self evident that an attack on the judge’s sentencing reasons under La.C. Cr.P. Art. 894.1 is an implicit challenge to the excessiveness of the sentences imposed. State v. Day, 414 So.2d 349 (La. 1982).
Article I, § 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment. Although a sentence is within statutory limits, it may violate a defendant’s constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). In imposing sentence, a trial judge must comply with the mandatory requirements of La.C.Cr.P. Art. 894.1 and individualize the sentence by stating for the record the considerations taken into account and the factual bases therefor. State v. Jones, 381 So.2d 416 (La.1980). While the sentencing judge need not articulate every aggravating and mitigating circumstance outlined in Article 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant [State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983) ] because the sentencing guidelines of this article provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, supra.
In this case, while the sentencing judge articulated specific reasons for the sentence, he did not list every aggravating and mitigating circumstance under the applicable article. However, it is unnecessary that he list each aggravating and mitigating circumstance if the record reflects that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Vaughn, 378 So.2d 905 (La.1979).
While a sentence may be vacated and a case remanded for re-sentencing when the reasons for an apparently severe sentence in relation to the particular offender and the actual offense committed do not appear in the record, a sentence should not be set aside as excessive in the absence of a clear abuse of the wide discretion accorded a trial judge in the imposition of sentences within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983). The reasons given by the sentencing judge in this case are sufficient unless they are without objective basis in the record. State v. Day, supra. From our review of this record, we conclude that these reasons are with record support.
While the sentences imposed were the maximum periods of incarceration for each crime and were imposed to run consecutively, they are supported by the record, defendant’s arguments to the contrary notwithstanding. First of all, striking a police officer is a serious offense. See State ex rel Bailey v. City of West Monroe, 418 So.2d 570 (La.1982). Furthermore, when an officer is attacked with the intent to exact some form of revenge for his having arrested the defendant in the past, the severity of the offense is considerably heightened. Defendant’s argument that the sentencing judge gave undue weight to the fact that the victims were police officers is simply without merit. In fact, what the judge actually did was to consider the underlying circumstances of the crime. To individualize a sentence, the judge must consider these underlying circumstances. La.C.Cr.P. Arts. 875(A)(1) and 894.1(A)(3); State v. Sepulvado, supra; State v. Day, supra. The sentencing judge in this case could not ignore the factual basis of the criminal acts and still individualize the sentences appropriately. Under the facts and circumstances of this case, the sentencing judge was justified in attaching great weight to the manner in which these criminal acts were committed, including the fact that the victims were police officers, and in concluding that these offenses were of the most egregious and *1260 blameworthy sort in their class. Additionally, it was not improper for the sentencing judge to take into account larger sociological concerns in imposing the sentences. State v. Moore, 419 So.2d 963 (La.1982).
Finally, defendant’s argument that the sentencing judge failed to adequately consider mitigating factors in imposing sentence on the count involving Woodall is equally without merit. Defendant’s argument is that because he did not know that Woodall was a police officer and that Woo-dall had interjected himself into the fight when he pulled the defendant off of Toney, that these were mitigating factors which should have been considered to militate in favor of a lesser sentence. Initially, in response to this argument, we note that the judge heard all of the evidence adduced concerning the altercation itself and was not limited to the portions of the record designated by defendant for our review. Obviously, the judge concluded that the defendant knew or had every reason to have known that Woodall was in fact a police officer. Furthermore, this argument overlooks the fact that in response to Woo-dall’s actions and while he was being held by another, defendant kicked Woodall in the head with his foot knocking him to the ground. After Woodall was on the ground and unconscious, defendant was in the process of attempting to stomp him in the head when pulled away by a third party. The brutality of the defendant’s response to Woodall’s actions was obviously and correctly considered by the sentencing judge to outweigh any factors which might weigh in favor of a lesser sentence because by no stretch of the imagination can kicking anyone in the head and attempting to stomp him while he is on the ground unconscious under the circumstances present here to be considered to be a justified, retaliatory blow.
While maximum sentences are reserved for the most blameworthy and egregious of offenders in a particular class [State v. Daranda, 398 So.2d 1053 (La.1981) ] and consecutive sentences for crimes arising from a single course of conduct require particular justification [State v. Messer, 408 So.2d 1354 (La.1982)], the sentencing judge’s reasons and the record justify this sentencing choice. The sentences are commensurate with, rather than grossly disproportionate to, the severity of the defendant’s offenses. The extended period of incarceration is not needless and purposeless but is imposed to negate the defendant’s opportunity to commit such crimes in the near future. The sentences are adequately particularized to this particular defendant in light of his particular crimes. They certainly do not shock our sense of justice. State v. McDermitt, 406 So.2d 195 (La.1981).
Accordingly, we conclude that the sentencing judge did not abuse his great discretion in imposing these sentences and they are affirmed.
CONVICTIONS AND SENTENCES AFFIRMED.