461 So.2d 562 (1984)
STATE of Louisiana
v.
Ralph D. CAPPS.
No. CR84-179.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*563 Paul J. DeMahy, St. Martinville, for defendant-appellant.
J. Phil Haney, Asst. Dist. Atty., New Iberia, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
DOMENGEAUX, Judge.
The defendant, Ralph D. Capps, was indicted and charged with aggravated rape, a violation of La.R.S. 14:42. After a trial on October 25, 1983, the twelve person jury returned a conviction for the lesser included offense of attempted forcible rape, a violation of La.R.S. 14:27[1], and La.R.S. 14:42.1.[2] On November 23, 1983, the trial *564 judge sentenced the defendant to serve 20 years at hard labor, with at least one year being without the benefit of probation, parole, or suspension of sentence.
On February 1, 1983, the victim, then a ten year old girl, was going door-to-door selling spices to raise money to purchase new science books for her school. The defendant, who was standing outside, indicated to the girl that his wife was in the house and would probably like to buy some spices. As the victim reached the door of the defendant's home, he grabbed her, pulling her inside the house and into the bedroom. Once inside, the defendant sat the young girl on his lap and removed her jacket. The child tried to get away from the defendant, but was prevented. The defendant then hit the girl about the face and choked her. He removed her jeans and panties and laid her on the floor. The defendant then laid on top of the ten year old, while continuing to strike and choke her. The victim's recollection from that point on is hazy, as she appears to have had some sort of blackout. However, it appears she remembers some form of the defendant's disrobing, either pulling down his pants or unzipping them prior to lying on top of her. After the following acts were committed, the victim put her clothes back on and begged the defendant to let her go. The defendant threatened the little girl not to tell anybody and gave her $5.00 to keep quiet. The girl, immediately upon leaving the defendant's house, ran to a friend's grandparent's house, where she related the traumatic occurrences. Witnesses testified that the girl's clothing were in disarray, her hair was messed up, and she was crying. There were also visible signs that the girl had been physically abused. The neighbor, at whose house the victim sought shelter, testified that the girl told her the same story she related at trial. Other corroborating evidence was the expert testimony. A criminalistics expert testified that substances observed on the panties of the little girl were male sperm. A medical doctor testified that his physical examination of the girl's vaginal area revealed abrasions on the left vulva wall. This was consistent with some penetration, even though not total. In the doctor's opinion the penetration was the result of a forceful attempt to insert the male organ.
The defendant was subsequently arrested, tried and convicted of attempted forcible rape. It is from this conviction and sentence that the defendant has, upon this appeal, perfected four assignments of error.[3]
By his first assignment of error defendant complains that the trial court erred in denying his challenge for cause of juror Elizabeth Miller. By his second assignment of error defendant claims his motion for a new trial should have been granted for the same reasons. We shall therefore discuss these two assignments of error simultaneously.
During the voir dire examination of potential jurors, defense counsel challenged for cause a juror named Elizabeth Miller on the grounds of her being an employee of the Henderson Police Department. The trial judge denied defendant's challenge. At the conclusion of the trial, the defendant brought a motion for a new trial based on various allegations, of which only one was argued before this Court. This was with respect to the seating of Elizabeth Miller.
Under the previous statutory mandate of the Louisiana Code of Criminal Procedure Article 800, a defendant was required to exhaust all of his peremptory challenges in order to challenge on appeal an improper denial of a challenge for cause. State v. Smith, 430 So.2d 31 (La.1983). However, in 1983 Article 800 was amended by the Legislature so as to eliminate the requirement that peremptory challenges be exhausted in order to test a denial on appeal. This amendment became effective August 30, 1983, thus making it applicable to this trial, which occurred on October 25, 1983.
*565 Another pertinent statute which has been amended is Louisiana Code of Criminal Procedure Article 799. Prior to August 30, 1983, this statute provided for either twelve or six peremptory challenges depending upon the punishment provided for the offense charged. Act 495 of 1983 amended this Article to reduce the amount of peremptory challenges for an offense punishable by death or necessarily by imprisonment at hard labor, from twelve down to eight.
In the instant case the defendant exercised all of his eight peremptory challenges. However, as earlier pointed out, the defendant need not exercise all of his peremptory challenges in order to contest, on appeal, a trial court's denial of a challenge for cause. The only requirement is that the defendant contemporaneously object, stating the grounds for his objection. La.C.Cr.P. Art. 800, as amended. The defendant stated the grounds for Elizabeth Miller's challenge for cause as being her employment by the Henderson Police Department. He also objected to the trial court's ruling denying his challenge. Having met the necessary procedural requirements, the issue of whether or not the denial was correct is properly reviewable by this Court.
The defendant relies heavily on State v. Simmons, 390 So.2d 1317 (La. 1980). In that case the Louisiana Supreme Court stated:
"An actively employed criminal deputy sheriff is not a competent criminal juror." Simmons, at 1318.
The defendant correctly points out that service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause. State v. Winn, 412 So.2d 1337 (La.1982).
However, as argued by the State, the instant situation is factually distinguishable from Simmons, supra. In Simmons, the particular facts involved a Caddo Parish deputy sheriff who was actively involved in law enforcement making arrests, and acting as a State's witness on numerous occasions. The deputy was well acquainted with a majority of the employees at the District Attorney's Office. Also, in Simmons, the juror complained of knew of the State's witnesses who were to testify at the trial.
The facts of the instant case show that the potential juror, Elizabeth Miller, was employed by the Henderson Police Department as a dispatcher. The Judge pointed out that this was a considerable distance from the scene of the crime and that she had no connection with the crime or the members of the prosecution. Being employed in a village Police Department does not involve the same contacts as do the duties of a parish deputy sheriff. Elizabeth Miller stated that her basic duties included monitoring the radio, answering the phone, and dispatching police officers when necessary. She also indicated that she was responsible for the jail if anybody was in there. When questioned as to any bias or prejudice, Elizabeth Miller stated her position would not affect her decision in the case. After extensive questioning by the defense counsel she consistently demonstrated her ability to render a fair and impartial verdict based on the evidence. It is apparent that a dispatcher for a municipal police department is not in the same category as a criminal deputy sheriff when determining whether they are qualified to serve as a juror on a criminal trial. In fact the duties of a dispatcher are administratively oriented and cannot be considered as "actively" involved in law enforcement.
A trial judge is vested with great discretion in ruling on a challenge for cause. His ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Lewis, 391 So.2d 1156 (La.1980); State v. Winn, supra. The testimony of Elizabeth Miller clearly shows that her deliberation would not be biased because of her position. In light of this testimony and the obvious distinctions between Simmons, it cannot be said that the trial judge abused his discretion in denying the defendant's challenge for cause, or in denying *566 the subsequent motion for a new trial based on the same grounds. These assignments of error are without merit.
By his third assignment of error defendant claims that the trial judge was in error when he stated in the sentencing phase of the trial, that he was of the opinion that the evidence supported a conviction of the far more serious crime of aggravated rape.
The issue of the trial court's speculation as to the true guilt of a defendant for a more serious crime than the crime of which he was convicted has been addressed by the Louisiana Supreme Court. More particularly, our Supreme Court in State v. Day, 414 So.2d 349 (La.1980), addressed the same issue as the defendant has raised in this specification error. In the Day case the court discussed the fact that the defendant therein could have been found guilty of a more serious crime and in connection therewith stated that:
"A sentence must be individualized and this entails consideration of the underlying circumstances of the crime. La.C. Cr.P. Art. 875(A)(1); La.C.Cr.P. Art. 894.1(A)(3); State v. Sepulvado, 367 So.2d 762 (La.1979).
* * * * * *
The court could not ignore the underlying circumstances of the crime and still individualize the sentence. State v. Sepulvado, supra."
The trial court listened to the evidence throughout the course of the trial and was convinced that the underlying circumstances of the crime were such that the defendant could have been convicted of the more serious crime of aggravated rape. As pointed out in State v. Day, supra, the court cannot ignore the underlying circumstances of the crime and still individualize the sentence as required under Louisiana law. The defendant argues that the trial court committed error by individualizing the sentence to the circumstances of the crime. Actually, the trial judge did what the law and jurisprudence allows him to do. See State v. Day, supra. Thus, as to this specification of error the trial court was totally within its discretion to look at the underlying circumstances of the crime in sentencing the defendant.
By his last assignment of error the defendant claims the sentence imposed was excessive and as such constituted the imposition of cruel and unusual punishment.[4]
As to determining what is excessive punishment under the United States Eighth Amendment's prohibition against cruel and unusual punishment, the Louisiana Supreme Court in State v. Sepulvado, 367 So.2d 762 (La.1979), decided that the imposition of a sentence, even though within the statutory limits, may be unconstitutionally excessive in violation of Article 1, Section 20 of the Louisiana Constitution of 1974. A sentence has been determined to be excessive punishment when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. State v. Reed, 409 So.2d 266 (La.1982); State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983). However, due to the trial judge's unique advantage of viewing subjective factors not available from the appeal record, he is given wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of this discretion. Sepulvado, and Goodman, supra; State v. Forshee, 395 So.2d 742 (La.1981).
During the sentencing phase of the trial, the district judge, as aforementioned, expressed *567 his opinion that the evidence supported a conviction of the far more serious crime of aggravated rape. The record lends credence to that conclusion. Additionally, the trial judge made the following statements:
"The court has considered the guidelines laid down by our Supreme Court, which admonished the court that the court should impose a sentence of imprisonment if: (1) there is an undue risk that during a period of a suspended sentence of probation, the defendant would commit another crime. The court believes and feels that there is an undue risk in this case. The court cannot understand the crime. A person the age of you, or middle age45, 50 years oldin that rangecommitting this crime upon this little 10 year old girl. And the court feels that if you were allowed to go free, that there is an extreme danger that something like this might occur again.
Nothing in the sentencing hearing has convinced the court otherwise.
The second criteria is that you're in need of correctional treatment, or a custodial environment that can be provided most effectively by your commitment to an institution. The court feels that there is a dire need that you can be committed to a custodial environment so that whatever treatment you do need, it can be provided for youthat you would not receive this treatment outside of such an institution. The evidence shows that you never have.
The third one is that ... the third criteria is a lesser sentence would deprecate the seriousness of the defendant's crime. This is an extremely serious crime. We do not know what permanent effect this crime is going to have on this little 10 year old girl. We do know that it's had a horrible effect upon her and her parents up to this date. Whether or not she will have mental and emotional problems for the rest of her life, we have no way of knowing.
So as a deterrent effect, and in addition to other reasons for my judgment, there needs to be established a deterrent effect from committing crimes such as this, which may jeopardize or ruin the lives of other people for the balance of their natural lives.
Those are the reasons why I am sentencing you as I am, Mr. Capps."
We are unable to find any manifest error. The trial judge followed the sentencing guidelines and gave extensive reasons for the sentence imposed. Further, the sentence is within statutory limits and follows the defendants' conviction of a most serious crime. Therefore we will not disturb this sentence on appeal.

DECREE
For the above and foregoing reasons defendant's conviction and sentence for the crime of attempted forcible rape are affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:27 provides:

"A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; but lying in wait with a dangerous weapon with the intent to commit a crime, or searching for the intended victim with a dangerous weapon with the intent to commit a crime, shall be sufficient to constitute an attempt to commit the offense intended.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both."
[2] La.R.S. 14:42.1 provides:

"Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than two nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence."
[3] Defendant assigned as error five (5) formal assignments, but assignment number one (1) was neither briefed nor argued and is thus considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Crawford, 441 So.2d 813 (La.App. 3rd Cir.1983).
[4] The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.