476 So.2d 908 (1985)
STATE of Louisiana, Appellee,
v.
Michael W. HOUSE and Thomas Brown, Appellants.
Nos. 17199-KA, 17198-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1985.
*909 Office of Indigent Defender by John L. Sheehan, Ruston, for appellants.
William J. Guste, Jr., Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before FRED W. JONES, Jr., NORRIS and LINDSAY, JJ.
PER CURIAM.
Defendants, Michael W. House and Thomas Brown, both pled guilty to the offenses of felony theft and aggravated escape, violations of LSA-R.S. 14:67 and 14:110, respectively. Defendants now appeal as excessive their identical sentences of seven years at hard labor for theft of an automobile valued in excess of $500 and nine years at hard labor for aggravated escape; the sentences to run consecutively. We affirm the defendants' sentences for the following reasons.
The facts reflect that on December 14, 1984 the defendants were being transported along with two other prisoners in a Sheriff's patrol unit from the Lincoln Parish Courthouse to the Lincoln Parish Detention Center. The defendants were returning from a preliminary hearing in which both were charged with simple burglary, attempted burglary and possession of stolen property when they effected their escape by attacking the driver of the patrol unit, Deputy Pete Singleton. On his approach to Interstate 20 after stopping at a red light on Louisiana Highway 33, Deputy Singleton was grabbed from behind by one of the defendants, both of whom had managed to remove themselves from their restraint chains. The defendants continued to struggle with Deputy Singleton as he attempted to bring the vehicle to a stop. Once the vehicle stopped, the deputy was dragged from the car by the defendants who then proceeded to drive the patrol unit west on Interstate 20, stopping twice so that the other prisoners who were not participating in the escape attempt could exit the vehicle. Sheriff Wayne Houck traveling south on Highway 33 arrived at this time and picked up Deputy Singleton. The two officers then pursued the defendants until they were apprehended after the stolen police vehicle they were driving ran into a ditch in Bienville Parish.
In separate hearings, the defendants pled guilty to the instant offenses on December 17, 1984. The State agreed to drop the other pending charges upon sentencing in the instant offenses. On January 29, 1985 after reviewing the pre-sentence investigations prepared for the defendants, the trial court in a joint sentencing hearing, sentenced each defendant to seven years at hard labor on the theft charge and nine years at hard labor on the charge of aggravated escape. The only error assigned by defense counsel for both defendants in this case is that the trial court imposed constitutionally excessive sentences.
It is well settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and that such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983). The guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir. 1983), writ denied 435 So.2d 438 (La.1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App.2d Cir.1983), writ denied 438 So.2d *910 1112 (La.1983); State v. Smith, 433 So.2d 688 (La.1983).
The record reflects that the trial court in sentencing the defendants for these offenses complied with the guidelines of LSA-C.Cr.P. Art. 894.1 and did not impose excessive sentences. Although identical sentences were imposed, the sentencing transcript reveals that care was taken by the trial judge to consider any factors that would justify imposition of a different sentence on either defendant. He separately noted the past criminal juvenile records of each defendant, as they were 18 and 19 years of age at the time of the commission of these offenses. Defendant House's criminal record is more extensive than that of Brown. The trial court also noted slight differences in the degree of involvement for each of the defendants in the escape attempt due to their seating positions in the police vehicle. The court found, however, that each defendant was equally culpable and responsible for these offenses.
In addition to a thorough articulation of the considerations outlined in C.Cr.P. Art. 894.1, the court stated that there would be an undue risk that during the period of any suspended sentence or probation that both defendants would be likely to commit other crimes based on their continued record of criminal involvement. Although the defendants are first felony offenders, the court noted that probation would be inappropriate as there was no indication that either defendant would respond affirmatively to probationary treatment.
The sentencing court also noted that both defendants were being held for charges of simple burglary, attempted burglary and possession of stolen property at the time of their escape and that there were detainers on both defendants in other parishes. Defense counsel contends that the court placed undue emphasis on these charges that were eventually dismissed. This contention is without merit. Arrests may be considered in imposing sentence, provided the defendant is given notice of the derogatory information and is given the chance to speak in mitigation. State v. O'Guin, 467 So.2d 854, 855 (La.App.2d Cir. 1985); State v. Williams, 412 So.2d 1327 (La.1982). The trial court in this case noted that probable cause had been found for these separate offenses in a preliminary hearing; moreover, the record clearly reveals that the trial judge placed more emphasis on the seriousness of the defendants' conduct which endangered the lives of the occupants of the police vehicle as well as others on the highway at the time of the offense.
The maximum sentence for the offense of the theft of property of a value of $500 or more is imprisonment with or without hard labor for not more than ten years and a possible fine of not more than $3,000. The penalty for the offense of aggravated escape is a minimum term of imprisonment at hard labor of not less than five years nor more than ten years with any sentence not to run concurrently with any other. The sentences imposed on these defendants, while close to the maximum, are not excessive due to the past criminal conduct of each defendant and the seriousness of the circumstances involved in the instant offenses.
Under Article 1, Section 20 of the Louisiana Constitution of 1974, a sentence is excessive if it is grossly out of proportion to the severity of the crime or if it is nothing more than a needless and purposeless imposition of pain and suffering. State v. Howard, 414 So.2d 1210 (La.1982); State v. Brooks, supra. The record in this case supports a finding that the sentences imposed on the defendants are not out of proportion to the severity of the offenses nor are they the needless imposition of pain and suffering.
For the above reasons, the sentences of the defendants are affirmed.
AFFIRMED.