LABORDE, Judge.
On November 19, 1985, the defendant, Cleve J. Thibodeaux, was convicted by a jury of two counts of distribution of a controlled dangerous substance, a violation of LSA-R.S. 40:967(A)(1). On April 18, 1986, the defendant was sentenced to two terms of fifteen years with the sentences running concurrently. We affirm.
FACTS
On October 22, 1984 and again on October 24, 1984 Deputy Randal Johnson purchased a controlled dangerous substance (CDS), i.e., Oxycodone, from the defendant. The defendant was arrested, and prosecution began under a bill of information, charging a violation of LSA-R.S. 40:967(A)(1). The defendant was tried by jury, found guilty of two counts of distribution of CDS, and sentenced to concurrent fifteen year sentences. Defendant now appeals raising three assignments of error.
*298 ASSIGNMENT OP ERROR NO. 1
By this assignment, defendant contends that the trial court erred in sentencing him without complying with the guidelines of La.C.Cr.P. art. 894.1.
A trial court need not articulate every aggravating and mitigating circumstance if the court indicates that it has considered those guidelines in particularizing the sentence to the offender. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
Even where the sentencing guidelines are not complied with, the ease will not be remanded for re-sentencing if the record clearly illumes support for the sentencing choice. State v. Cox, 369 So.2d 118 (La.1979).
In the instant case, the sentencing guidelines were not strictly followed. The trial judge did not expressly mention that he considered probation, suspension of sentence, the need for a custodial environment, nor the fact that a lesser sentence would deprecate the seriousness of this crime. However, all the 894.1(A) factors were implicitly considered by the trial judge. These factors are reflected in the judge’s great concern that the defendant had previously received a life sentence for murder, got out in ten years, and subsequently committed two felonies. The trial judge concluded that the defendant would probably commit another crime, that the defendant needs a custodial environment, and that a lesser sentence would deprecate the seriousness of this crime. Because the trial judge implicitly considered the guidelines in La.C.Cr.P. Art. 894.1, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment, defendant contends that the trial court erred by imposing an excessive sentence on him, violating his rights against “cruel and unusual or excessive sentences” under La. Const. Art. 1 sec. 20.
A sentence is excessive if it is so disproportionate, in view of the harm to society, as to shock the court’s sense of justice. State v. Collatt, 477 So.2d 177 (La.App. 3d Cir.1985); State v. Kahey, 461 So.2d 543 (La.App. 3d Cir.1984). A sentence can be excessive even if it is within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence must be individualized to the particular offender. State v. Day, 414 So.2d 349 (La.1982). The statutory guidelines of La.C.Cr.P. art. 894.1 provide criteria within which to individualize a sentence. State v. Finley, 432 So.2d 243 (La.1983); State v. House, 476 So.2d 908 (La. App. 2d Cir.1985).
Sentences are not to be set aside as excessive absent manifest abuse of discretion by the trial court. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Shields, 444 So.2d 287 (La.App. 1st Cir. 1983), writ denied, 446 So.2d 312 (La.1984).
In the instant case, defendant had previous felony convictions, one for murder. Defendant had violated his parole and committed two felonies after he had benefited from a early release from his murder sentence.
Defendant received a sentence of fifteen years on each count of distribution of CDS. La.R.S. 40:967(B)1 mandates a sentence of up to thirty years and a fine of $15,000 on each count. The two fifteen year sentences, which are in the “lower-middle” range of possible sentences for the crimes committed, does not shock our sense of justice. Thus, these sentences are not excessive. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
By this assignment, defendant alleges that there were errors patent on the face of the record. A thorough review has revealed no errors patent on the face of the record.
*299 For the above and foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.