DOUCET, Judge.
On September 19, 1984 the defendant, Joe L. Gilbert, was charged by bill of information with seven counts of forgery, a violation of La.R.S. 14:72. The seven counts, all occurring between July 16 and July 25, 1984, involve forging endorsements of checks. On March 11, 1985, the defendant, after being Boykinized, pleaded guilty to one count. The trial judge sentenced the defendant to ten years. The trial judge later vacated his own sentence because at the “first” sentencing hearing, the defendant was without counsel. Defendant was resentenced by the same judge, to the same sentence. Defendant now appeals, raising three assignments of error.
ASSIGNMENT OF ERROR NO. 1:
By this assignment of error the defendant contends that the trial court erred in refusing to assign this matter to another judge for resentencing. Judge Richard Lee had originally sentenced the defendant to a ten year, maximum sentence, for forgery, a violation of La.R.S. 14:72. The trial judge later vacated his own sentence because no attorney was present with the defendant during sentencing.
The defendant argues that under State v. Soco, 441 So.2d 719 (La.1983) and State v. Donais, 488 So.2d 454 (La.App. 3rd Cir. 1986) when his original sentence was vacated, he was entitled to be resentenced by a different judge.
In Soco, supra, the defendant was convicted of armed robbery. Even though Soco was a first offender, the trial judge sentenced him to 99 years. The trial judge was influenced by the fact the defendant perjured himself. The Supreme Court found the trial court did not follow the sentencing guidelines and set aside defendant’s sentence, remanding the case for sentencing after reassigning it to another judge.
In Donáis, supra, the Third Circuit vacated a sentence where a trial judge imposed a more severe sentence on a defendant who had previously been successful in obtaining a vacation of his sentence. The court found that the more severe sentence was not warranted in view of the fact that defendant’s behavior since the original sentencing had been exemplary and he had been in a drug rehabilitation program. The appellate court vacated the sentence and remanded the case to another judge for resentencing.
At the evidentiary hearing on the motion for post-conviction relief, defendant’s counsel requested that the resentencing be reassigned to a different judge. The trial court denied the motion. The request was based upon “Your Honor’s strongly expressed feelings as to the appropriate sentence to be imposed in this case.” Such a request appears to be little more than a disguised attempt at forum-shopping.
At the original sentencing hearing, the trial judge had the benefit of a presentence investigation report and for the record, thoroughly reviewed the defendant’s extensive criminal history before sentencing him.
At the resentencing of the defendant, the trial court considered the arguments of defense counsel militating for a lesser sentence, reconsidered the presentence investigation report, and again reviewed the record for defendant’s extensive criminal history. Such considerations do not reflect the type of circumstances which are *790 present in the Soco, supra, and Donáis, supra, cases; thus, rendering the instant case clearly distinguishable from that jurisprudence.
Accordingly, it would be error to allow this case to be reassigned to a different trial judge for resentencing merely on the basis of the judge’s firm opinion as to the defendant’s sentence.
Therefore, there is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 2:
By this assignment of error the defendant contends that the trial court failed to follow the sentencing guidelines in La.C. Cr.P. art. 894.1.
Art. 894.1 sets forth the guidelines to follow in imposing sentences and mandates that the trial court state for the record the considerations taken into account and the factual basis for its conclusions in order to be sure each sentence is individualized to the offender and the offense. State v. McDonald, 414 So.2d 735 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981). The trial judge doesn’t have to articulate every aggravating and mitigating circumstance, but the record must reflect adequate compliance with art. 894.1. State v. Grey, 408 So.2d 1239 (La.1982).
In State v. Stroud, 438 So.2d 1172 (La. App. 3rd Cir.1983), the appellate court found that, where the trial court stated that it found mitigating factors, and elaborated these, but found other factors militated against probation or a lesser sentence, art. 894.1 was adequately complied with.
A mere recitation of the considerations under art. 894.1 does not satisfy the articulation and recordation requirements of the law. State v. Perry, 472 So.2d 344 (La.App. 3rd Cir.1985). These factors have to be related to the offense and the offender.
In our case, the defendant received a sentence of ten years at hard labor for one count of forgery. The trial judge noted the letters of reference sent in by members of the Sheriff's Department and defendant’s status as a trustee at the jail. The trial judge was also aware that defendant’s mother, Estelle Guidry, was in poor health and needed her son. The trial court however, also considered aggravating factors such as defendant’s juvenile record and his extensive adult criminal record.
In our case, the trial judge did more than just recite the considerations in art. 894.1. The trial judge recognized that there were some mitigating factors, and these appear in the record, but found the aggravating factors greatly outweighed these. These factors were particularized to our defendant. Art. 894.1 was adequately complied with.
This assignment is without merit. ASSIGNMENT OF ERROR NO. 3:
By this assignment of error, the defendant contends that his sentence is constitutionally excessive. The defendant received a ten year maximum sentence for forgery. Defendant argues that maximum sentences are reserved for the worst offenders and he is not such an offender. State v. Quebedeaux, 424 So.2d 1009 (La. 1982).
A sentence is excessive if it is so disproportionate, in view of the harm to society, as to shock our sense of justice. State v. Collatt, All So.2d 177 (La.App. 3rd Cir. 1985); State v. Kahey, 461 So.2d 543 (La. App. 3rd Cir.1984).
Defendant was originally charged with seven counts of forgery, a violation of La. R.S. 14:72. He was allowed to plead guilty to one count. The crime of forgery carries a possible sentence of up to ten years in prison, with or without hard labor, or a fine of up to $5,000. Defendant’s ten year sentence is the maximum prison term he could have received, but it is within the statutorily permissible range.
A sentence can be excessive even if it is within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence must be individualized to the particular offender. State v. Day, 414 So.2d 349 (La.1982). The statutory guidelines of La.C.Cr.P. art. 894.1 provide criteria within which to individualize a sentence. State v. Finley, 432 So.2d 243 (La.1983); *791 State v. House, 476 So.2d 908 (La.App. 2nd Cir.1985).
The trial court complied with the requirements of art. 894.1 and individualized defendant’s sentence. The court considered defendant’s extensive criminal record as well as the letters of character reference sent on his behalf.
A court can consider the fact that defendant plea bargained in sentencing. State v. Lanclos, 419 So.2d 475 (La.1982). Judge Lee considered the fact that defendant received the benefit of plea bargaining seven counts down to one.
A trial court may also consider criminal activity not leading to a conviction. State v. Brown, 410 So.2d 1043 (La.1982).
Sentences are not to be set aside as excessive absent manifest abuse of discretion by the trial court. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Shields, 444 So.2d 287 (La.App. 1st Cir.1983), writ denied, 446 So.2d 312 (La.1984).
In this case, adequate support exists for the trial court’s sentencing choice. The defendant received a maximum sentence but this was justified. The defendant was a multiple offender who received the benefit of plea bargaining down the number of charges against him.
The sentence here does not shock our sense of justice, and the trial judge did not abuse his discretion.
Thus, there is no merit to this assignment of error.
For the reasons assigned, the conviction and sentence of the defendant are affirmed.
AFFIRMED.