LABORDE, Judge.
The defendant, Kenneth P. Charrier, was charged with aggravated burglary in violation of LSA-R.S. 14:60. After initially pleading not guilty, defendant entered a guilty plea on May 26, 1987. On August 25, 1987, defendant was sentenced to serve 15 years at hard labor to run consecutively with a prior sentence of 6 months. Defendant now appeals this sentence as excessive.
FACTS
On December 2, 1986, at about 11:10 p.m., Emily Coney heard someone breaking *592 into her home in Jonesville. She went into her bedroom, locked the door, and telephoned the Catahoula Parish Sheriffs Office. The burglar, after apparently hearing her inside of the house, then fled through the window. When the police arrived Ms. Coney was still very nervous and reluctantly let the police officers into her home. The officers observed that a window was broken and blood was found on the window sill and on furniture in the home. The officers speculated that this window was broken when the burglar entered the home. Another window was apparently broken when he fled. The officers found a kitchen knife on the floor of the Coney home. Ms. Coney told the officers that the knife did not belong to her (defendant’s mother later identified the knife as being her own.) Upon searching outside, the officers found a shoe in Ms. Coney’s yard. They then found the matching shoe in defendant’s mother’s yard which is located close by. The officers then searched a shed located in the Charrier’s yard. Inside they found the defendant asleep and barefooted, with blood and cuts on his hands and arms. He was then arrested. Defendant (who was 18 years old at the time) claims that he remembers none of this as he was heavily intoxicated but “he believes in his heart that he did do this.” Nothing was taken from Coney’s home. The only property damage was the broken windows which cost $27.00 to replace. Coney was not physically harmed by the burglar, in fact, the record is not clear if she ever even saw him in her home. She has, however, apparently, suffered some emotional problems because of the offense.
ASSIGNMENT OF ERROR Defendant claims that the 15 year sentence imposed upon him is excessive and does not comply with the sentencing guidelines articulated in LSA-C.Cr.P. art. 894.1. The crime of aggravated burglary carries with it a sentence of not less than 1 year nor more than 30 years of imprisonment at hard labor. Defendant’s sentence is thus within the statutorily permissive range for the crime to which he pled guilty. However, even though a sentence is within that range, it may still be found as excessive. State v. Sepulvado, 367 So.2d 762 (La.1979).
“A sentence has been determined to be excessive punishment when the penalty is so disproportionate to the crime as to shock the senses of justice or if it is nothing more than the purposeless and needless imposition of pain and suffering. ...
“However, due to the trial court’s unique advantage of viewing subjective factors not available from the appeal record, he is given wide discretion in the imposition of sentences within statutory limits, and a sentence imposed by him should not be set aside as excessive in the absence of manifest abuse of discretion.”
State v. Capps, 461 So.2d 562, 566 (La.App. 3d Cir.1984).
Article 894.1 sets forth guidelines to aid the trial judge in sentencing a defendant. That article requires the judge to articulate into the record the considerations taken into account in determining the sentence. Thus a reviewing court will be aided in determining if the sentence imposed is excessive. State v. Bourgeois, 406 So.2d 550 (La.1981). The court should indicate that it has considered not only the circumstances militating for incarceration, but also any mitigating factors. State v. Franks, 373 So.2d 1307, 1308 (La.1979).
In sentencing Charrier, the trial judge first mentioned that he had reviewed the pre-sentence investigation. He then considered the factors listed in Article 894.-1(A)[1] in finding that a sentence of imprisonment was required. Namely the judge *593 stated that he felt that if the sentence was suspended or probation allowed, defendant would commit another crime; that he felt that this was a very serious crime which should require correctional treatment; and that a lesser sentence would deprecate the seriousness of the crime.
The judge then considered the factors listed in Article 894.1(B)[2] in determining defendant’s sentence. The judge basically just read each of the factors and stated whether or not he felt they were applicable to this situation. He paid particular attention to the fact that the defendant was on probation at the time this crime was committed.[3]
Although it is clear that the trial judge did, in fact, consider the factors listed in Article 894.1, we feel that there are possible mitigating factors that should also have been considered. Defendant was only 18 years old at the time of this crime. He did have a criminal record, but that charge carried only a one year suspended sentence. (The record does not elaborate on the facts of that charge). We feel that these considerations could have potentially been considered by the trial judge to lessen defendant’s sentence. See State v. Lanclos, 419 So.2d 475, 477 (La.1982).
The sentence imposed upon this defendant appears to be harsh. Certainly, the trial judge has the discretion to impose such a sentence, but without a more detailed record, we cannot determine if his discretion was abused. State v. Wimberly, 414 So.2d 666, 672 (La.1982). The Wimberly Court discussed the remanding of cases for resentencing for failure to comply with the Article 894.1 guidelines. The court stated:
“Our decision in such a case represents a finding of a substantial possibility that the sentence is excessive and not a final judgment that it is invalid. The same sentence will be upheld on a second appeal if the judge’s statement of bare facts and reasons demonstrates that the sentence is not excessive under the circumstances of the particular case. Perhaps the same result could be reached in many instances by simply ordering the sentencing judge to file his findings and reasons in this court. However, we think that remanding for a new sentence is a better remedy for the possible violation of a vested legal right. The trial judge is not required to become an advocate for his original position or to go through the laborious process of reconstructing his findings and thoughts at the time of original sentencing. He is free to impose a different sentence based on additional information if he chooses.”
Id. at 672.
Similarly, in the present matter we feel that a more complete articulation of the *594 reasons for defendant s sentence of 15 years imprisonment is warranted. Without such, there appears to be a substantial possibility that the sentence is excessive.
Therefore, we remand this case to the trial court for resentencing. We do not disturb defendant’s conviction based upon his guilty plea.
CONVICTION AFFIRMED; REMANDED FOR RESENTENCING.
KNOLL, J., dissents and assigns reasons.

. LSA-C.Cr.P. art. 894.1(A) provides:
"A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1)There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant’s crime.”

. LSA-C.Cr.P. art. 894.1(B) provides:
"B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant’s criminal conduct neither caused nor threatened serious harm.
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
(3) The defendant acted under strong provocation.
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense.
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission.
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained.
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime.
(8) The defendant’s criminal conduct was the result of circumstances unlikely to recur.
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime.
(10) The defendant is particularly likely to respond affirmatively to probationary treatment.
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
(12) The defendant’s voluntary participation in a pretrial drug testing program.”

. On May 3, 1986, defendant was charged with unauthorized use of a movable in Avoyelles Parish. He received a one year suspended sentence under supervised probation. Probation was revoked due to his involvement in the present matter. Defendant has no other criminal record as an adult or juvenile.