390 So.2d 1317 (1980)
STATE of Louisiana
v.
Clarence SIMMONS and Sammy Bernard.
No. 67655.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied December 15, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Sonia D. Peters and Ronald R. Inderbitzin, Asst. Dist. Attys., for plaintiff-appellee.
Leon L. Emanuel, Shreveport, Indigent Defender Program of Caddo Parish for defendants-appellants.
WATSON, Justice.
Defendants, Clarence Simmons and Sammy Bernard, were caught red-handed at midnight on December 9, 1978, inside the Medic Pharmacy in Shreveport, Louisiana. The two, armed and equipped with all the necessary paraphernalia for burglary, were apparently attempting to enter the narcotics storage room. Both were convicted of attempted simple burglary of a pharmacy and sentenced to four and a half years at hard labor without benefit of parole, probation or suspension of sentence. After a multiple offender hearing, the previous sentences were vacated and the two were sentenced as multiple offenders to life imprisonment without benefit of parole, probation or suspension of sentence. Both defendants have appealed, alleging, respectively, thirty-nine and forty-two assignments of error. *1318 Because Bernard's assignment of error number ten and Simmon's assignment of error number seven, relating to prospective juror Carter, have merit the other assignments of error will not be considered.
Mrs. Sherrie Carter is an investigator with the Caddo Parish Sheriff's Department. She was eligible to claim exemption from jury service. LSA-C.Cr.P. art. 403; Louisiana Supreme Court Rule XXV, Section 2(c). However, in a commendable spirit of public service, she expressed her willingness to serve. Louisiana Supreme Court Rule XXV, Section 3. Mrs. Carter was challenged for cause on behalf of both defendants but the challenge was denied. A peremptory challenge was used to excuse her from service. Defendants exhausted their peremptory challenges and are therefore entitled to complain on appeal of an erroneous overruling of the challenge for cause. State v. Ballard, 337 So.2d 481 (La., 1976); State v. Madison, 345 So.2d 485 (La., 1977); State v. McIntyre, 365 So.2d 1348 (La., 1978).
Mrs. Carter testified on voir dire that she is acquainted with the majority of the employees in the District Attorney's office and deals with them in her work as a deputy sheriff. She has a master's degree in law enforcement and had been with the Sheriff's office for one year, specializing in crimes against women. She has made approximately twenty-five arrests and has participated in judicial proceedings as a witness. Mrs. Carter had herself been a crime victim two years before trial. She has not seen any instances where the Sheriff's Department has arrested the wrong person for a crime. From her attendance at various special schools, Mrs. Carter was acquainted with the four officers scheduled to testify on behalf of the State, Michael W. Newman, Mike Burns, John Snell, and David Ford Lewis. Mrs. Carter said that she would not have any problems in applying the Judge's instructions to the facts. However, one with a graduate degree in law enforcement, employed by the Sheriff's office, and working closely with the District Attorney's office, must be affected by that employment relationship. It is reasonable to conclude that it would have influenced her verdict. LSA-C.Cr.P. art. 797; State v. McIntyre, supra. The guarantee of an impartial trial in Article 1, Section 16, of the Louisiana Constitution of 1974 is offended by the presence on a jury of a badge-wearing law enforcement officer. See Gaff v. State, 155 Ind. 277, 58 N.E. 74 (1900); Robinson v. Territory of Oklahoma, 148 F. 830 (U.S. 8 Cir. 1906); Tate v. People, 125 Colo. 527, 247 P.2d 665 (1952); State v. West, 157 W.Va. 209, 200 S.E.2d 859 (1973). Deputy sheriffs have served on Louisiana juries. State v. Reese, 250 La. 151, 194 So.2d 729 (1967); State v. Foster, 150 La. 971, 91 So. 411 (1922); and State v. Forbes, 111 La. 473, 35 So. 710 (1903). However an actively employed criminal deputy sheriff is not a competent criminal juror. Any jurisprudence to the contrary is expressly overruled. Compare State v. Bailey, 261 La. 831, 261 So.2d 583 (1972) and State v. Hunt, 310 So.2d 563 (La., 1975). The trial court erred in failing to sustain the challenges for cause and requiring the exercise of a peremptory challenge for Mrs. Carter.
For the foregoing reasons, the convictions and sentences herein are reversed and set aside and the matter is remanded for new trials.
REVERSED AND REMANDED.
DIXON, C. J., recused.