684 So.2d 63 (1996)
STATE of Louisiana
v.
Fornell ROBINSON.
No. 96 KA 0292.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
Jason Lyons and John Schoonenberg, Houma, for State.
Margaret S. Sollars and Gary Blaize, Houma, for Defendant-Appellant.
Before SHORTESS, LeBLANC and TANNER, JJ.[1]
SHORTESS, Judge.
Fornell Robinson (defendant) was charged by bill of information with the simple burglary, La. R.S. 14:62, of a store in Terrebonne Parish called "Pat's of Chauvin" on December 28, 1994. After trial by jury, he was convicted, adjudicated a habitual offender, and sentenced to twelve years imprisonment at hard labor, with credit for time served, to be served consecutively to any other sentences he may have to serve for prior convictions. His motion for reconsideration of sentence was denied.
Defendant appealed, raising ten assignments of error. Two were expressly *64 abandoned in defendant's brief. We will first address assignment of error number two, that the trial court erred in not granting defendant's challenge for cause of prospective juror Thomas J. Brown, a retired state trooper who was actively employed as a Lafourche Parish sheriff's deputy at the time of defendant's trial.
Brown stated unequivocally on voir dire that he could be fair and impartial and that his experience in law enforcement would not cause him to give more weight to the testimony of witnesses who were law enforcement officers. In denying defendant's challenge for cause, the trial court stated:
[N]ow he is a member of the Lafourche Parish Sheriff's Department, which has nothing to do with the enforcement of laws here in Terrebonne Parish. And when he was a State Trooper, Troopers don't investigate burglaries and have nothing to do with the enforcement of that type of law.
A defendant may challenge a juror for cause on the ground that he is not impartial, whatever the cause of his partiality. La. C.Cr.P. art. 797(2). A challenge for cause should be granted even where a prospective juror declares impartiality if the juror's testimony on voir dire reveals the existence of facts from which bias, prejudice, or inability to render judgment according to the law may be reasonably implied. State v. Smith, 430 So.2d 31, 38 (La.1983).
The issue of whether an actively employed criminal deputy sheriff can serve as a juror in a criminal trial is well settled in Louisiana. In State v. Simmons, 390 So.2d 1317 (La. 1980), the Louisiana Supreme Court held:
The guarantee of an impartial trial in Article 1, Section 16, of the Louisiana Constitution of 1974 is offended by the presence on a jury of a badge-wearing law enforcement officer. Deputy sheriffs have served on Louisiana juries. However an actively employed criminal deputy sheriff is not a competent criminal juror. Any jurisprudence to the contrary is expressly overruled.
State v. Simmons, 390 So.2d at 1318 (citations omitted). This holding was reiterated by the supreme court in State v. Chapman, 410 So.2d 689, 697 (La.1981), and State v. Vanderpool, 493 So.2d 574, 575 (La.1986). Brown was not asked during voir dire what his duties as a deputy entailed, but there was no indication he was other than a criminal deputy. The trial court erred in denying defendant's challenge for cause, thus forcing defendant to use a peremptory challenge on Brown.
Defendant used all his peremptory challenges. Prejudice is presumed when a challenge for cause is erroneously denied and all defendant's peremptory challenges are exhausted. State v. Cross, 93-1189, p. 6 (La.6/30/95), 658 So.2d 683, 686; State v. Ross, 623 So.2d 643, 644 (La.1993). Under such circumstances, reversible trial error exists. State v. Galliano, 93-1101R, p. 6 (La. App. 1st Cir. 5/5/95), 655 So.2d 538, 541.
In light of our findings on assignment of error number two, we pretermit discussion of defendant's remaining assignments of error.
Accordingly, defendant's conviction, adjudication as a habitual offender, and sentence are reversed, and this matter is remanded for a new trial.
REVERSED AND REMANDED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.