hPER CURIAM.
The defendant was convicted of possession of cocaine, La.R.S. 40:967, and sentenced as a *247 third offender to five years at hard labor. The defendant assigns several alleged errors. We find reversible error in the denial of the challenge for cause of a juror who was a police officer and pretermit the other arguments.
The defendant argues that his challenge for cause of Juror No. 363, Jerome Tinguee, was improperly denied. During voir dire Tinguee stated that he was a police officer and the following occurred:
BY THE COURT:
Could you be fair and impartial?
BY JUROR # 363:
In a sense, yes, and in a sense, no. I feel it’s my duty to try to be, but being a police officer from a police officer’s point of view, I guess, in a sense, I would be kind of forced to take his side.
|2The defense objected on the record out of the hearing of the jury that Tinguee had expressed concern about fairly judging the case. The defense argued that Tinguee said that he would probably be more swayed by a police officer’s testimony because he was an officer and would have a difficult time not believing the police. The trial court noted the defense’s challenge for cause and denied the challenge. The defendant had exhausted all of his peremptory challenges.
Under La.C.Cr.P. art. 797(2) the State or the defendant may challenge a juror for cause on the ground that the juror is not impartial, whatever the cause of partiality. Prejudice is presumed when a challenge for cause is erroneously denied and the defendant has exhausted his peremptory challenges. To prove reversible error the defendant need only show the erroneous denial of a challenge for cause and the use of all peremptory challenges. State v. Cross, 93-1189 (La.6/30/95), 658 So.2d 683.
The guarantee of an impartial trial in Article I, Section 16, of the Louisiana Constitution of 1974 is offended by the presence on a jury of a badge-wearing law enforcement officer.... [A]n actively employed criminal deputy sheriff is not a competent criminal juror. Any jurisprudence to the contrary is expressly overruled.
State v. Simmons, 390 So.2d 1317, 1318 (La. 1980). See also State v. Gaines, 96-1850 (La.App. 4 Cir. 1/29/97), 688 So.2d 679; State v. Robinson, 96-0292 (La.App. 1 Cir. 11/8/96), 684 So.2d 63.
Jerome Tinguee was a police officer when questioned for jury duty. The State’s case relied on the testimony of two officers who observed what they believed to be drug activity. State v. Simmons leaves no doubt that a police officer shall not serve as a juror for a criminal trial.
|3The trial court committed reversible error. The conviction and sentence are reversed and this matter is remanded for a new trial.

CONVICTION REVERSED; REMANDED FOR NEW TRIAL.