715 So.2d 566 (1998)
STATE of Louisiana
v.
Calvin BROWN.
No. CR 97-1531.
Court of Appeal of Louisiana, Third Circuit.
June 10, 1998.
*567 Michael Harson, Lafayette, for State.
Phyllis E. Mann, Alexandria, for Calvin Brown.
Before DOUCET, C.J., and PETERS and PICKETT, JJ.
PETERS, Judge.
The defendant, Calvin Brown, was charged by grand jury indictment with two counts of first degree murder, violations of La.R.S. 14:30. A jury convicted him on both counts, but could not agree on the sentence in the penalty phase of the trial. The trial court then sentenced the defendant on each count to life in prison without benefit of probation, parole, or suspension of sentence. The trial court further ordered that the sentences run consecutive to one another. The defendant appeals his conviction, asserting two assignments of error. Finding merit in one of the assignments, we reverse the defendant's conviction and sentence and remand the case to the trial court for a new trial.
The grand jury indictment charged the defendant with the murder of Shelia Stevens and her six-month-old son, Wesley. Ms. Stevens and her son disappeared on October 17, 1994, while on a trip between Lake Charles, Louisiana, and Rayne, Louisiana. She had left Lake Charles in the morning of October 17 and traveled to Rayne with the intention of making arrangements to move to Rayne, and for the purpose of meeting with the defendant. She was not heard from again, and almost a week later, on October 23, 1994, a security guard at the Acadiana Mall in Lafayette, Louisiana, discovered her vehicle which was found apparently abandoned.
Almost three months after the vehicle was discovered, Ms. Stevens' brother discovered a spent cartridge in the vehicle while cleaning it. Subsequent to that discovery, law enforcement personnel inspected the vehicle and discovered the presence of blood on various items in the vehicle. Later testing established a positive match between the defendant's gun and the spent cartridge.
In April of 1995, law enforcement personnel obtained a statement from Randy Guidry which implicated the defendant in the disappearance of Ms. Stevens and her son. Basically, Guidry admitted that he was present when an argument ensued between the defendant and Ms. Stevens, that the defendant shot and killed Ms. Stevens, and that the defendant then dropped Wesley Stevens into a body of water. On April 25, 1995, Guidry took officers of the Acadia Parish Sheriff's Office to the area where the bodies had been disposed of. On the next day, the decomposed remains of Ms. Sheila Stevens were discovered in a muddy area off of Ohlen Forest Road, in Rayne, Louisiana. Wesley Stevens' body was never recovered.
Guidry testified at trial, and the jury returned a verdict of guilty on both counts. The defendant's appeal is based, not on the factual presentation by the state, but rather on the failure of the trial court to grant any one of his many motions for change of venue or mistrial and on errors in the jury selection process. Because we find that the assignment of error concerning the jury selection process is determinative of the appeal before us, we will address it first.
The defendant asserts that the trial court committed reversible error in denying his challenge for cause of four potential jurors, namely Michael Lacombe, Joseph Perry, Howard Sensat, and Stacey Thibodeaux. During the jury selection process, the defendant exhausted all of his peremptory challenges, four of which were used on Lacombe, Perry, Sensat, and Thibodeaux. Thus, he claims that by not granting these four challenges for cause, he was denied the use of four peremptory challenges. It is well settled that:
An accused has the constitutional right to challenge jurors peremptorily, with the number of challenges to be fixed by law. La. Const. art. 1, § 17. Louisiana Code *568 Crim.P. art. 799 provides the defendant in a death penalty case with 12 peremptory challenges. Therefore, when a defendant uses all of his peremptory challenges, a trial court's erroneous ruling depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, requiring reversal of the conviction and sentence.
State v. Maxie, 93-2158, p. 15 (La. 4/10/95); 653 So.2d 526, 534.
If a trial court erroneously deprives a defendant of a peremptory challenge, and the defendant has exhausted all of his peremptory challenges, there is a presumption of prejudice to the defendant. Id. "To prove there has been reversible error warranting reversal of the conviction and sentence, defendant need only show: (1) the erroneous denial of a challenge for cause; and (2) the use of all of his peremptory challenges." Id.
Because the defendant exercised all of his peremptory challenges, the defendant need only convince us that any one of the challenges for cause complained of were improperly denied. In analyzing the defendant's contentions, we must first note that the trial court is vested with broad discretion in ruling on challenges for cause. Its ruling will be reversed only when a review of the entire voir dire reveals that the trial court abused its discretion. State v. Turner, 96-845 (La.App. 3 Cir. 3/5/97); 692 So.2d 612.
La.Code Crim.P. art. 797 provides the statutory authority for challenges for cause and reads as follows:
The state or the defendant may challenge a juror for cause on the ground that:
(1) The juror lacks a qualification required by law;
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; or
(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.
We conclude that the trial court erred in not granting the defendant's challenge for cause of Joseph Perry as a prospective juror. Mr. Perry testified that, at the time of trial, he was employed as a deputy sheriff with the Acadia Parish Sheriff's Department. He had served as a jailer or corrections officer in the parish jail system for fourteen years, personally knew all of the state's witnesses who were employees of the parish sheriff's department, and had even trained some of them in how to operate a jail facility. He had in the past done investigative work and, as an investigator, had periodically worked with some of the state's witnesses. Mr. Perry knew both of the prosecutors and had even met and talked with the defendant in jail after the defendant was incarcerated.
Mr. Perry had just recently returned to work after back surgery and was assigned to supervision of trustees. When asked why he was given such a position, he responded: "I guess they [the sheriff's department] were trying to make it easy on me." He further responded to questioning by asserting that in the case of conflicting testimony, because of his work history, it would be "very likely" that he would believe police officers over others because of their training. He also stated that he would have a problem if the defendant failed to testify. Mr. Perry further acknowledged that he served in his capacity as a deputy sheriff at the pleasure of the sheriff and was not protected by any type of civil service system.
In denying the challenge for cause, the trial court concluded that Mr. Perry was truthful and had an ability to be impartial and apply the law to the facts as presented. In the case of Mr. Perry, such a finding was *569 not sufficient to deny the challenge. There are cases which hold that individuals employed as corrections officers are competent to serve as jurors. See State v. Henderson, 566 So.2d 1098 (La.App. 2 Cir.1990); State v. Smith, 466 So.2d 1343 (La.App. 3 Cir.1985); State v. Valentine, 464 So.2d 1091 (La.App. 1 Cir.), writ denied, 468 So.2d 572 (La.1985). However, all of those cases are distinguishable from the case at hand in that the prospective juror in question was employed by an agency not involved in the prosecution of the defendant.
It is well-settled law that an actively employed criminal deputy sheriff is not competent to serve on a criminal jury. State v. Simmons, 390 So.2d 1317 (La.1980). See also State v. Fox, 96-0754 (La.App. 4 Cir. 2/26/97); 690 So.2d 246; State v. Gaines, 96-1850 (La.App. 4 Cir. 1/29/97); 688 So.2d 679, writ denied, 97-0510 (La.9/5/97); 700 So.2d 503; State v. Robinson, 96-0292 (La.App. 1 Cir. 11/8/96); 684 So.2d 63. In Simmons, 390 So.2d at 1318, the Louisiana Supreme Court held:
The guarantee of an impartial trial in Article 1, Section 16, of the Louisiana Constitution of 1974 is offended by the presence on a jury of a badge-wearing law enforcement officer. Deputy sheriffs have served on Louisiana juries. However, an actively employed criminal deputy sheriff is not a competent juror. Any jurisprudence to the contrary is expressly overruled.
(Citations omitted).
Following the clear mandate of Simmons, we must conclude that the trial court erred in not dismissing Mr. Perry for cause.
Thus, in this case, the defendant has shown an erroneous denial of a challenge for cause and the use of all of his peremptory challenges. We need not consider the other issues raised by the defendant as this error alone requires reversal of the matter.

DISPOSITION
The defendant's conviction is reversed, and the sentence imposed by the trial court is vacated. We further remand this case to the trial court for a new trial.
REVERSED; CONVICTION AND SENTENCE VACATED; REMANDED FOR A NEW TRIAL.