722 So.2d 1078 (1998)
STATE of Louisiana
v.
Larry RHODES.
No. 97-KA-1993
Court of Appeal of Louisiana, Fourth Circuit.
November 18, 1998.
Yvonne Chalker, Louisiana Appellate Project, New Orleans, for Larry Rhodes/Appellant.
Harry F. Connick, District Attorney of Orleans Parish, Susan Erlanger Talbot, Assistant District Attorney of Orleans Parish, New Orleans, for The State of Louisiana/Appellee.
Court composed of Chief Judge PATRICK M. SCHOTT, Judge DENIS A. BARRY and Judge ROBERT L. LOBRANO.
BARRY, Judge.
Defendant was charged with possession of crack cocaine, a violation of La. R.S. 40:967.2 and convicted of attempted possession of cocaine. He was sentenced to twenty months as a second felony offender pursuant to La. R.S. 15:529.1. Defendant argues the trial court improperly denied his challenge for cause as to a juror whom defendant contends was biased. We affirm.

FACTS
Officer Harry O'Neal testified that on August 14, 1996 he was patrolling in a marked police unit near Olive and Audubon Streets, an area he knew for drug trafficking. He saw two men, one had money in his hand, and the other held a plastic bag which Officer O'Neal knew from experience probably contained crack. When the two men saw the police car, the one with the money fled. The *1079 other male, the defendant, attempted to walk away. Officer O'Neal stopped the defendant, who was still holding the plastic bag. Inside the bag were two smaller plastic bags which contained crack cocaine. In a search incident to arrest, Officer O'Neal found a crack pipe with residue, two push rods, and a lighter.
It was stipulated that the substance in the bags and the crack pipe tested positive for cocaine.
Defendant testified the officer was angry because defendant crossed the street in front of the police car. He claimed the officer pulled up next to the vacant lot where defendant was emptying trash and told defendant to kick some of the trash over to the police car. Defendant complied. When the officer picked up the trash he found two rocks of crack cocaine, a glass pipe, several metal push rods, and a lighter. He arrested defendant for possession of crack cocaine. Defendant denied having cocaine or paraphernalia. He admitted a prior conviction for possession of cocaine.

DENIAL OF CHALLENGE FOR CAUSE
The defendant contends the trial court improperly denied his challenge for cause as to a juror who had been a police officer for eleven years and was currently working as a university security officer.
The Sixth Amendment of the United States Constitution guarantees the accused the right to a trial by an impartial jury. La. Const. art. I, § 17 guarantees the right to full voir dire examination of prospective jurors and to challenge those jurors peremptorily. The number of challenges is fixed by law. The Louisiana Supreme Court in State v. Allen, 95-1754 (La.9/5/96), 682 So.2d 713, 722-23, has stated:
Therefore, when a defendant uses all of his peremptory challenges, a trial judge's erroneous ruling depriving him of one of his peremptory challenges constitutes a substantial violation of his constitutional and statutory rights, requiring reversal of the conviction and sentence. [Citations omitted].
* * * * * *
Prejudice is presumed when a challenge for cause is erroneously denied by a trial court and the defendant has exhausted his peremptory challenges. [Citation omitted].
To obtain a reversal, the defendant must show: (1) the erroneous denial of his challenge for cause; and (2) the exhaustion of his peremptory challenges. State v. Allen, 95-1754, 682 So.2d at 723.
The defense exhausted the allotted peremptory challenges before completion of the jury panel; therefore, the issue is whether the trial court abused its broad discretion in denying the defendant's challenge for cause. A ruling on a challenge for cause will be reversed only when a review of the entire voir dire shows the judge abused his discretion. Allen, 95-1754, 682 at 723.
During voir dire Sandy Gavin stated that he had been a New Orleans police officer from 1970 until 1981, during which time he testified at criminal trials. He said that he had been retired for sixteen years and was currently employed as a university security officer. Gavin stated he did not know Officer O'Neal and would be impartial, and not give an "extra edge" to a police officer.
Defense counsel requested that Gavin be excused for cause, and the court refused. Defendant argues that the trial court abused its discretion and committed reversible error, thereby forcing the defense to exercise a peremptory challenge.
An association with a law enforcement agency or its personnel will not disqualify a prospective juror. Such an association must be closely scrutinized by the trial and reviewing courts. State v. Jones, 474 So.2d 919 (La.1985), cert. den. 476 U.S. 1178, 106 S.Ct. 2906, 90 L.Ed.2d 992 (1986). A prospective juror's association with law enforcement will disqualify him only if one might reasonably conclude that it would influence him in arriving at a verdict. The trial judge is vested with wide discretion in appraising the impartiality of prospective jurors, and his ruling will not be disturbed absent a clear showing of abuse. State v. Comeaux, 514 So.2d 84 (La.1987), appeal after remand, 93-2729 *1080 (La.7/1/97), 699 So.2d 16, cert. den., 97-7042 (3/2/98), ___ U.S. ___, 118 S.Ct. 1169, 140 L.Ed.2d 179. The challenging party bears the burden of demonstrating that the relationship in question is of such a nature as to bias the juror. State v. White, 535 So.2d 929 (La.App. 2nd Cir.1988), writ den. 537 So.2d 1161 (La.1989).
A review of the jurisprudence reveals that, in general, the courts have disqualified persons who are currently actively associated with law enforcement. See, e.g.: State v. Mitchell, 475 So.2d 61 (La.App. 2nd Cir.1985) (reserve police officer working with Monroe City Police Department at time of defendant's investigation by same department); State v. Simmons, 390 So.2d 1317 (La.1980) (actively employed criminal deputy investigator); State v. Monroe, 366 So.2d 1345 (La. 1978) (assistant D.A. working in same office as prosecuting attorney).
However, appellate courts have generally upheld the denial of a challenge for cause where the potential juror's association with law enforcement ended or the juror is associated with a branch of law enforcement not involved in investigating crimes, or apprehending or prosecuting suspected criminals. See, e.g.: State v. White, 535 So.2d 929 (La. App. 2nd Cir.1988), writ den., 537 So.2d 1161 (La.1989) (former auxiliary police officer retired for five years); State v. Chapman, 410 So.2d 689 (La.1981) (former warden of parish prison retired for four years); State v. Smith, 466 So.2d 1343 (La.App. 3rd Cir.1985) (prison security guard); State v. Valentine, 464 So.2d 1091 (La.App. 1st Cir.1985), writ den., 468 So.2d 572 (La.1985) (officer for State Department of Corrections).
Gavin is a university security guard who retired from the New Orleans Police Department sixteen years prior to this trial. Nothing in the voir dire suggests that Gavin cannot be impartial. His experience as a campus policeman is not such as would preclude an impartial attitude. He stated he did not know the only police officer scheduled to testify. He testified he could be impartial. Defendant has not shown that the trial judge abused his discretion by refusing a challenge for cause.
Our review of the record disclosed no error patent.
Defendant's conviction and sentence are affirmed.
AFFIRMED.