747 So.2d 1077 (1999)
STATE of Louisiana
v.
Oscar BALLARD.
No. 98-K-2198.
Supreme Court of Louisiana.
October 19, 1999.
*1078 Edward R. Greenlee, Abita Springs, Counsel for Applicant.
Richard P. Ieyoub, Atty. Gen., Scott M. Perrilloux, District Atty., Zata Walker Ard, Hammond, Counsel for Respondent.
TRAYLOR, J.[*]
In the prosecution of defendant for a third offense D.W.I. in Livingston Parish, the trial court denied the defendant's challenge for cause of a prospective juror who serves active duty as a police officer in Baton Rouge. On appeal, the majority of the en banc panel of the Court of Appeal, First Circuit, upheld the trial court's ruling, distinguishing the instant facts from this Court's ruling in State v. Simmons, 390 So.2d 1317, 1318 (La.1980), which held: "an actively employed criminal deputy sheriff is not a competent criminal juror." We granted certiorari to reconsider Simmons and to determine whether the trial court reached the appropriate ruling. For the following reasons, we overrule Simmons and affirm the judgment of the trial court and court of appeal.

FACTS AND PROCEDURAL HISTORY
Oscar Ballard was charged by bill of information with third offense driving while intoxicated, in violation of La. R.S. 14:98. After a trial by jury, the defendant was found guilty as charged. The trial court sentenced defendant to imprisonment at hard labor for two years. On appeal defendant claimed the trial court committed reversible error in denying his challenge for cause[1] of the prospective juror, David Schultz, Jr., since Schultz is an actively employed police officer with the City of Baton Rouge in the K-9 division.
The record indicates that the trial judge initially questioned the prospective jurors to ascertain any bias or prejudice. When specifically questioning Officer Schultz, the record indicates the following colloquy occurred:
Q: Mr. Shultz? (sic)
A: Yes, sir, I know numerous police officers.
Q: All right, sir. The fact that you are a police officer, what bearing would that have on your ability to serve as a fair and impartial juror?
A: None.
Q: Would you be more inclined to believe or disbelieve a police officer [who is testifying at trial] simply because you are a police officer?
A: No, sir.
Q: Thank you, sir.
After the trial judge questioned the prospective jurors, the defendant's attorney questioned Officer Schultz more specifically. That exchange, in its entirety, reveals:

*1079 Q. Mr. Shultz (sic), you are currently a police officer with Baton Rouge P.D., is that correct?
A. Yes, sir.
Q. What do you do for them?
A. K-9 division.
Q. You work patrol?
A. Yes, sir.
Q. You work D.W.I.'s?
A. As many chances I get I do.
The defendant argues that because Officer Schultz is a police officer, he cannot serve as an impartial juror in this matter, and the trial court erred in denying his challenge for cause. Defendant relies on this court's holding in Simmons, 390 So.2d at 1318, and the First Circuit's holding in State v. Robinson, 96-0292 (La. App. 1st Cir. 11/8/96), 684 So.2d 63, to support this assignment of error. The defendant further contends that Officer Schultz's response to the defense attorney's questioning during voir dire indicates he aggressively seeks out DWI cases for prosecution, which presents an additional reason why the trial court should have granted his challenge for cause.
The First Circuit convened an en banc panel to consider its prior holding in Robinson, which relied on Simmons. The majority of the court of appeal determined that although this court's language in Simmons:
[B]roadly states "an actively employed criminal deputy sheriff is not a competent criminal juror" and that "[a]ny jurisprudence to the contrary is expressly overruled," it is evident from the authority relied upon that the holding presumes the actively employed criminal deputy sheriff who is a potential juror be from and work within the same jurisdiction as the complaining witness for the prosecution.
State v. Ballard, 97-0233 (La.App. 1st Cir. 7/14/98), 718 So.2d 521, 526. The court of appeal accordingly overruled Robinson, ultimately stating:
Thus, where an actively employed deputy sheriff who is a potential juror has no employer-employee relationship with the prosecution's complaining witness, we hold that a showing of bias must be made on the record before the potential juror is properly excused for cause.
Ballard, 718 So.2d at 526. Because this holding violates the Simmons court's broad language, we must determine whether our ruling in Simmons should stand.

DISCUSSION
The Simmons court determined that the automatic disqualification of an actively serving law enforcement officer from service on a criminal jury is a means to the constitutionally guaranteed end of an impartial trial found in LA. CONST. art. I, § 16. Applying Simmons, a trial court must disqualify a law enforcement officer even if the officer testifies under oath that he or she may render an impartial verdict according to the law and evidence.[2]
Law enforcement officers are sworn to uphold the laws of the state, which laws include the provision of a fair trial to each and every defendant. If a law enforcement officer testifies under oath during voir dire that he can be a fair and impartial juror, the trial judge has the discretion to determine whether that officer is speaking the truth. The disqualification of all law enforcement officers from service on a jury disregards whether or not the judge, whose rulings on challenges for cause are given great deference in all other instances, accepts the officer as a fair and impartial juror. We find that such a disqualification amounts to an irrebuttable presumption of untrustworthiness in law enforcement officers and is an affront to police officers in this state. When this court in Simmons held: "[t]he guarantee of an impartial trial in Article 1, Section 16, of the Louisiana Constitution of 1974 is *1080 offended by the presence on a jury of a badge-wearing law enforcement officer," id. at 1318, it failed to explain this connection, all the while implying that wearing a badge is somehow a mark of intrinsic bias, offending those who have been awarded a badge as a police officer in this state.
Moreover, by painting with such a broad brush, Simmons fails to discuss the application of other protections that were enacted to ensure a fair trial. Specifically, the legislature enacted La.Code Crim. Proc. art. 797 to enumerate grounds by which a juror may be removed for cause, providing lack of impartiality and employment relationship as two possible grounds for removal among many.[3] These provisions allow the trial judge, who is in the most favorable position to determine whether a prospective juror can serve impartially, to make such an examination on a case-by-case basis while avoiding the broadly written rule set forth in Simmons.
We find the protections of La.Code Crim. Proc. art. 797 sufficiently assure that a defendant is tried by a fair and impartial jury. In this case, Officer Schultz testified that he felt his connection with law enforcement officers would not affect his ability to serve as a fair and impartial juror. Furthermore, with regard to the colloquy between the defendant's attorney and Officer Schultz, it is difficult to say, without being able to observe his tone and inflection, whether Schultz's response indicates that he aggressively seeks out all D.W.I. cases, or whether his line of work does not result in many opportunities to "work D.W.I.'s". The trial judge was in the best position to study Schultz's demeanor to determine his candor. Therefore, we defer to the trial judge's discretion in denying the defendant's challenge for cause.

CONCLUSION
For the reasons expressed herein, we overrule Simmons and its progeny, insofar as they hold that a law enforcement officer is not a competent criminal juror, and we affirm the judgment of the trial court and the court of appeal.
AFFIRMED.
CALOGERO, C.J., and LEMMON, J., concur and assign reasons.
CALOGERO, C.J., Concurring.
I agree with the majority's disapproval of the overly-broad declaration in State v. Simmons, 390 So.2d 1317, 1318 (La.1980), that "an actively employed criminal deputy sheriff is not a competent criminal juror." The fitness of a prospective juror should rightly be determined on a case-by-case basis after consideration of the grounds to support a challenge for cause set forth in La.Code Crim. Proc. art. 797. However, given the accused's constitutional right to trial by a fair and impartial jury, as well as the important goal of maintaining "public confidence in the administration of justice," Allen v. Hardy, 478 U.S. 255, 259, 106 S.Ct. 2878, 2880, 92 L.Ed.2d 199 (1986), particular care should be taken in determining the ability of law enforcement agents to serve as fair and impartial jurors in a criminal trial.
La.Code Crim. Proc. art. 797(3) incorporates a rule of implied bias as old as the common law. See United States v. Wood, 299 U.S. 123, 138, 57 S.Ct. 177, 182, 81 *1081 L.Ed. 78 (1936) (At the common law, certain relationships carried with them "`prima facie evident marks of suspicion, either of malice or favour,'" among them, that the prospective juror "`is the party's master, servant, counsellor, steward or attorney, or of the same society or corporation with him.'")(quoting 3 W. Blackstone, Commentaries 480-81 (W. Hammond ed. 1890)). As we observed in Simmons, an investigator with the sheriff's office who works closely with the district attorney's office "must be affected by that employment relationship." 390 So.2d at 1318. There, we reasoned that such a relationship would have influenced the prospective juror's verdict, thereby justifying the deputy's removal for cause under Article 797(3). Id. Here, there is no indication that Officer Schultz as a police officer employed by the City of Baton Rouge had a sufficiently close relationship either with the district attorney's office in Livingston Parish or with law enforcement agents in that parish to suggest that the officer might not be fair and impartial.
In addition to the employment relationship, other possible causes of partiality arise in the context of law enforcement agents serving as petit jurors. As the majority here acknowledges, 98-2198, p. 4, the prospective juror's duties or expertise in a particular criminal activity or investigatory method may warrant excusing the juror for cause under La.Code Crim. Proc. art. 797(2). The accused's constitutional right to a fair trial would be compromised were the risk too great that the prospective juror's occupation and experience would overwhelm not only his own judgment but also the judgment of the other jurors on the panel. While Officer Schultz's expressed enthusiasm to "work" DWI cases may not justify his being excused for cause in this case, absent any indication that he possessed special or expert knowledge in DWI investigations, the defendant's constitutional right to trial by a fair and impartial jury should remain the paramount consideration of the district court in ruling on such challenges for cause.
With these considerations in mind, I respectfully concur.
LEMMON, J., concurring.
The fact that a potential juror is a law enforcement officer who works for and with other law enforcement officers in the investigation and apprehension of persons accused of a crime is a significant factor in the trial judge's evaluation of the juror's possible bias. The Legislature could have, but did not, enumerate this employment relationship as one which requires exclusion as a juror to preserve the appearance of total fairness, and I agree that this court should not do so.
Nevertheless, the present case presents a very close issue of disqualification for bias because the juror-officer, from a reading of the cold record, seemed to indicate an enthusiasm (or perhaps overenthusiasm) for apprehending intoxicated drivers. However, the trial judge was in a better position to evaluate this particular answer (which appears to be the only basis for disqualification), and I defer to that determination.
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.
[1] Defendant exhausted his peremptory challenges, thereby preserving this issue for review. State v. Ross, 623 So.2d 643, 644 (La. 1993).
[2] This court reaffirmed Simmons in State v. Vanderpool, 493 So.2d 574 (La.1986).
[3] La.Code Crim. Proc. art. 797 provides in pertinent part:

The state or the defendant may challenge a juror for cause on the ground that:
* * *
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict[.]