DAVID S. GORBATY, Judge.

STATEMENT OF THE CASE

Defendant Johnny L. Jones was charged by grand jury indictment on September 3, 1998 with first degree murder, a violation of La. R.S. 14:30. Defendant pleaded not guilty at his September 9, 1998 arraignment. The trial court denied defendant’s motion to suppress the evidence on January 22, 1999. On April 22, 1999, the trial court denied defendant’s motion to suppress one statement, and granted the motion as to a second statement. This court denied two applications for supervisory review filed by defendant.[1] A twelve-person jury found defendant guilty as charged on September 26, 2001, at the conclusion of a three-day trial. At the sentencing hearing on September 27, 2001, the jury was unable to reach a decision on whether to sentence the defendant to death. The trial court denied defendant’s motion for a new trial on April 3, 2002 and, after defendant announced he was ready, sentenced him to life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. The trial court denied defendant’s motion to reconsider sentence. Defendant subsequently filed this appeal.

*268
errors PATENT

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NO. 2

In this assignment of error, defendant argues that the trial court erred in denying his challenge for cause of prospective juror Edward Delery Jr., who defendant asserts is a New Orleans police officer.
La. Const. Art. I, § 17(A) provides that a defendant has a right to challenge jurors peremptorily, with the number being fixed by law. The number is fixed by La.C.Cr.P. art. 799. Prejudice is presumed — and reversible error exists — when a trial court erroneously denies a challenge for cause and the defendant exhausts his peremptory challenges, because the erroneous ruling thereby deprives the defendant of one of his peremptory challenges. State v. Jacobs, 99-1659, p. 5 (La.6/29/01), 789 So.2d 1280, 1284. A minute entry reflects that defendant exhausted his peremptory challenges in the instant case.
La.C.Cr.P. art. 797 sets forth five grounds for which a defendant can challenge a prospective juror for cause. The only pertinent grounds would be: (2) the juror is not impartial, whatever the cause of the partiality; and (3) the relationship, whether by employment or enmity between the juror and the defendant or the district attorney is such that it is reasonable to conclude it would influence the juror in arriving at a verdict. The challenging party bears the burden of demonstrating that the relationship in question is of such a nature as to cause bias or impartiality. State v. Rhodes, 97-1993, p. 3 (La. App. 4 Cir. 11/18/98), 722 So.2d 1078, 1080.
Defendant characterizes Edward Delery as a police officer. While it is clear that Edward Delery was employed as a forensic light examiner in the New Orleans Police Department Crime Lab, it is less clear that he was a police officer. However, he did not correct the attorneys who addressed him as officer, and in any case, a person is not automatically disqualified to serve as a juror simply because of his status as a police officer. State v. Ballard, 98-2198 (La.10/19/99), 747 So.2d 1077, overruling State v. Simmons, 390 So.2d 1317 (La.1980). In the instant case, defense counsel challenged Officer Delery for cause on the sole ground that he was a New Orleans Police Officer. In Ballard, supra, a Baton Rouge city police officer was a prospective juror in a DWI trial in nearby Livingston Parish. The court rejected the notion that the prospective juror’s status as a police officer alone disqualified him serving as a juror, and held that La.C.Cr.P. art. 797 provided sufficient safeguards to ensure a fair and impartial jury. In Ballard, the police officer’s responses to questions by the trial court indicated that his employment status would have no bearing on his ability to serve as a fair and impartial juror, and that he would not be more inclined to believe or disbelieve a police officer testifying at trial simply because he was himself a police officer.
Defendant notes that a concurring opinion in Ballard stated that there was no indication that the prospective juror/police officer, who was employed by the City of Baton Rouge, had a sufficiently close relationship either with the district attorney’s office in Livingston Parish or with law enforcement agents in that parish to suggest that the officer might not be fair and impartial as a juror in the Livingston Parish trial. Defendant suggests that the result in the instant case should be different than in Ballard because of the employment relationship between Officer Delery and the New Orleans Police Department, as well as the Orleans Parish District At *269 torney’s Office. Defendant states in his brief that Officer Delery had testified numerous times as an expert witness for the State, and worked on between 200-500 cases per year. Officer Delery, the head of the forensic light unit of the police department’s crime lab, stated that in an average year he examined some 2,000 items in 500 cases. While there is no direct evidence that he testified numerous times on behalf of the State, it can be presumed that he had done so. Nevertheless, the record is devoid of any evidence to suggest that, at the time defense counsel challenged Officer Delery for cause, the officer would have been anything other than a fair and impartial juror. Defense counsel simply asked Officer Delery if he had heard of the term manslaughter, and then asked the officer if he could give an example of a typical manslaughter situation, which the officer did. Counsel did not inquire into any factors at all relative to the officer’s bias or impartiality. It cannot be said that defendant met his burden of showing bias or impartiality on the part of Officer Delery. Thus, it cannot be said that the trial court abused its discretion in denying the challenge for cause.
There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3

In this assignment of error, related to Assignment of Error No. 2, defendant claims that the trial court erred in denying his motion for mistrial, made after it was discovered that Officer Delery had tested evidence in defendant’s case for latent fingerprints. Defendant argues that prejudice resulted when he was deprived of his right to peremptorily challenge jurors.
The trial court denied defendant’s challenge for cause as to Officer Delery on September 24, 2001. The jury was sworn that date and sequestered for the evening, without any witnesses being sworn. The following morning, prior to the start of trial, an instanter subpoena, requested by defense counsel, was served on Officer De-lery, ordering him to appear to testify in defendant’s trial. Officer Delery and Orleans Parish Assistant District Attorney Jonathan Friedman testified at a hearing held before the start of trial.
Officer Delery testified at the hearing that, prior to receiving the instanter subpoena that morning, he had been unaware that he had analyzed evidence in the case. He had no independent recollection of the October 27, 1998 crime lab report submitted by him in defendant’s case. Officer Delery estimated that he probably had submitted several hundred crime lab reports since 1998. Later, during examination by the court, Officer Delery stated that he probably examined 2,000 items a year in 500 different cases. Referring to his report in defendant’s case, Officer De-lery stated that he tested seven items for latent fingerprints. He had no recollection of anyone from the District Attorney’s Office contacting him about the case after he performed the examinations. The only subpoena he received in connection with the case was the one requested by defense counsel and served that morning. Office Delery later testified during the State’s case-in-chief that he found no fingerprints suitable for identification on any of the seven items he examined.
Assistant District Attorney Jonathan Friedman testified that he had been assigned defendant’s case the previous Wednesday, and that Officer Delery’s report was not in the district attorney’s case file. Investigating Det. Andre Gilds gave Mr. Friedman the police case file the day voir dire was conducted, and Mr. Friedman said he reviewed it over night and that morning for exculpatory information. He discovered Officer Delery’s one-page report that morning, when he walked into his *270 office at 8:15 a.m. He notified defense counsel at 8:45 a.m. Mr. Friedman testified that on the Saturday prior to trial, he had presented his entire case file to defense counsel.
The trial court denied defendant’s motion' for mistrial, although the court found negligence in the State’s handling of the case. The court added that it found no ethical violation on the prosecutor’s part. Defense counsel noted an objection.
At the outset, it can be noted that the record does' not reflect on what ground defendant moved for a mistrial, or on what ground defendant objected to the denial of his motion for mistrial. After Officer De-lery testified that morning, prior to trial, the court asked if there was a motion by the State or the defense. Defense counsel responded by stating that he would call the prosecutor, Mr. Friedman, as a witness in the matter. After Mr. Friedman testified, the trial court asked defense counsel if he was maintaining a motion for mistrial. Defense counsel asked for a moment, after which the transcript reflects “Off-the-Record.” Immediately thereafter, defense counsel replied in the affirmative, indicating that he was maintaining the motion for mistrial. The trial court then denied the motion, and defense counsel noted his objection.
The law is well-settled that under La. C.Cr.P. art. 841(A), a defendant must make known' the grounds for his objection, and he is limited on appeal to those grounds articulated at trial. State v. Brooks, 98-0693, p. 9 (La.App. 4 Cir. 7/21/99), 758 So.2d 814, 819; see also State v. Dean, 2000-0199, p. 8 (La.App. 4 Cir. 3/14/01), 789 So.2d 602, 607 (“As the defendant’s argument on appeal is different from his basis for objecting at trial, the defendant is precluded from raising the issue on appeal.”). See also State v. Richards, 99-0067, p. 4 (La.9/17/99), 750 So.2d 940, 942 (“An objection stating no basis presents nothing for this court to review”), quoting State v. Dupar, 353 So.2d 272, 273 (La.1977).
Defendant challenged Officer Delery for cause during voir dire. Although it cannot be said that at the time, the trial court erred in denying that challenge for cause, the challenge was sufficient to preserve defendant’s claim that he was denied his constitutional right to peremptorily challenge jurors. There is an obvious relationship between the two issues — if defendant had been aware that Officer Delery had examined evidence in the case he would have had a guaranteed challenge for cause, and he would not have had to expend a peremptory challenge to strike the officer. As such, we find that defendant preserved his right to seek review of the denial of his motion for mistrial as to having been denied his right to peremptorily challenge jurors because he challenged Officer De-lery for cause.
La.C.Cr.P. art. 775 provides that the trial court “shall” grant a mistrial “when prejudicial conduct in or outside of the courtroom makes it impossible for the defendant to obtain a fair trial.” In addition, La.C.Cr.P. art. 729.5 provides that a trial court “may” order a mistrial on motion of defendant, when the State fails to comply with discovery requirements, i.e., La.C.Cr.P. art. 719(A). “Mistrial is an extreme remedy and, except for instances in which the mandatory mistrial provisions of La.C.Cr.P. art. 770 are applicable, should only be used when substantial prejudice to the defendant is shown.” State v. Castleberry, 98-1388, p. 22 (La.4/13/99), 758 So.2d 749, 768. “The determination of whether actual prejudice has occurred, and thus whether a mistrial is warranted, lies within the sound discretion of the trial judge, and this decision will not be overturned on appeal absent an abuse of that *271 discretion.” State v. Wessinger, 98-1234, p. 24 (La.5/28/99), 736 So.2d 162, 183.
Even if the State is not to blame— because there was no duty on its part to disclose the report for the purpose of protecting defendant’s right to a fair trial relative to his right to peremptorily challenge jurors — circumstances beyond defendant’s control operated to deprive him of that right. Had Officer Delery had been asked by defense counsel during voir dire whether he had performed any tests on evidence seized in the case, or was connected to the case in any way, he would have answered either “no,” or to the effect “not that I am aware of.” There was no possibility defendant could have ferreted out during voir dire that Officer Delery had examined evidence in the case and/or issued a written report so as to challenge the officer for cause on that ground.
When a trial court erroneously denies a defendant’s challenge for cause, and thereafter the defendant exhausts his peremptory challenges, prejudice is presumed, and reversible error exists. State v. Jacobs, 99-1659, p. 5 (La.6/29/01), 789 So.2d 1280, 1284; State v. Robertson, 92-2660 (La.1/14/94), 630 So.2d 1278, 1281. Prejudice is presumed, and reversible error exists, “primarily because of the protection given to a defendant’s right to peremptory challenges found in the Louisiana Constitution at Article I, § 17.” Robertson, 630 So.2d at 1280.
As noted, there was no error as to the trial court’s denial of defendant’s challenge for cause in the instant case. However, prejudice is presumed and the error is reversible because of the nature of the right denied, not because the denial was due to an error by the trial court. A defendant who is deprived of his constitutional right to peremptory challenges due to circumstances beyond his control is no less deprived of that right than is a defendant who is deprived of the right by a trial court’s erroneous denial of his challenge for cause. It can be noted that in the instant case defendant was convicted of first-degree murder, which required a unanimous verdict.
Circumstances beyond defendant’s control amounted to “prejudicial conduct in or outside the courtroom” that operated to make it impossible for defendant to obtain a fair trial, meaning a trial in which he was not effectively deprived of his right to peremptorily challenge jurors. Accordingly, we find that the trial court erred in denying defendant’s motion for a mistrial.

CONCLUSION

Since we have found that reversible error exists, we pretermit discussion of the remaining assignments of error. Accordingly, for the foregoing reasons, we find that the trial court erred in denying defendant’s motion for mistrial as to defendant being effectively denied his constitutional right to peremptorily challenge jurors. As such, we reverse the conviction and sentence and remand the case for further proceedings.

REVERSED AND REMANDED.

. State v. Jones, unpub., 99-1393 (La.App. 4 Cir. 6/30/99) (adequate remedy on appeal); State v. Jones, unpub. (La.App. 4 Cir. 1/31/00), writ denied, 2000-0644 (La.4/20/00), 760 So.2d 1157.