PAUL A. BONIN, Judge.
11Following trial by jury, Kendrick Boyd was found guilty of carjacking. See La. R.S. 14:64.2. Counsel filed motions for new trial and for post-verdict judgment of acquittal, but the district court did not rule on the post-trial motions prior to sentencing. Following the sentencing, the prosecution filed habitual offender proceedings against Mr. Boyd, resulting in his adjudication as a second felony offender and a substituted sentence.
Mr. Boyd complains on appeal that the trial judge committed error by failing to excuse for cause a New Orleans police officer who was in the jury venire. Because there is no per se rule requiring the automatic exclusion of a police officer from service as a juror, upon our review we conclude that the trial judge did not abuse her discretion in denying Mr. Boyd’s challenge for cause.
Mr. Boyd also complains that the sentence imposed upon him is excessive. But, because the trial court did not afford the proper delay after the filing of the post-trial motions and before sentencing, and in light of his assigning as error 12excessiveness of sentence, we find the imposition of any sentence under the circumstances to be an error patent.
After a complete review of the record for other errors patent, see La.C.Cr.P. art. 920(2), we affirm Mr. Boyd’s conviction. We, however, vacate the sentence and remand for a new sentencing hearing. We explain our decision in the following Parts.
I
In this Part we address Mr. Boyd’s first assignment of error: that the district court abused its discretion in denying his challenge for cause of the potential juror who was at the time of trial an active police officer with the New Orleans Police Department.
A
The juror was assigned to the Compliance Information Unit of the NOPD. In connection with his official duties, he knew all of the officers who were expected to testify at Mr. Boyd’s trial. The juror explained that he goes citywide and inspects officers, not as their immediate supervisor, but to make sure that the officers are doing their jobs. For instance, he checks payroll hours, if the officers are clocking in timely, and checks the officers’ reports for accuracy.
The juror emphatically stated that he could be fair and impartial despite his own employment status. When Mr. Boyd challenged the juror for cause, the trial judge withdrew him from the other prospective jurors and questioned him further in her chambers. During the in camera questioning, he again declared that he could |jbe impartial and that he was not prone to believe a fellow officer. The prospective *644 juror also answered that Mr. Boyd would not start at a disadvantage because of his status as an active member of the police department and that he would not be placed in an uncomfortable position with his fellow officers if he sat on the jury.
Following the questioning, the trial judge denied Mr. Boyd’s challenge for cause, explaining:
If you are a police officer that does not necessarily make someone unsuited for service or else we would not have officers able to be on the general venire. [The prospective juror] is dressed in civilian attire, not dressed as a New Orleans Police Officer.
He says he is in the Compliance Office. He’s not like a sergeant or lieutenant in a district capacity, supervision of police activity, per se. He says as a Compliance Supervisor he checks if reports are being submitted timely, et cet-era, for the whole Department. Cause Challenge Denied.
B
La. Const, art. 1, § 17 provides that a criminal defendant “shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily.” In the trial of an offense necessarily punishable by imprisonment at hard labor, the defendant and the state shall each have twelve peremptory challenges. See La.C.Cr.P. art. 799. At the outset we note that because Mr. Boyd exhausted all twelve of his peremptory challenges and timely objected to the trial court’s ruling, he has properly preserved the issue for our review. See State v. Jacobs, 99-1659 p. 4 (La.6/29/01), 789 So.2d 1280, 1284 (“[A] defendant need only show two things to constitute reversible error: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant; and (2) that the 14defendant exhausted all of his peremptory challenges.”). See also La.C.Cr.P. art. 800 A, and State v. Cross, 98-1189 p. 6 (La.6/30/95), 658 So.2d 683, 686. La.C.Cr.P. art. 797 provides the grounds for which a party may bring a challenge for cause:
The state or the defendant may challenge a juror for cause on the ground that:
(1) The juror lacks a qualification required by law;
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; or
(5) The juror served on the grand jury that found the indictment, or on a petit jury that once tried the defendant for the same or any other offense.
There is no longer a per se rule requiring the automatic disqualification of a person who is to serve as a juror simply because of his status as a police officer. See State v. Ballard, 98-2198 (La.10/19/99), 747 So.2d 1077, 1079, overruling State v. Simmons, 390 So.2d 1317 (La.1980). In Ballard, a Baton Rouge city police officer was a prospective juror in a DWI trial in nearby Livingston Parish. The court rejected the notion that the prospective ju *645 ror’s status as a police officer | ¡jalone disqualified him from serving as a juror and held that La.C.Cr.P. art. 797 provided sufficient safeguards to ensure a fair and impartial jury. See Ballard, 747 So.2d at 1079-1080. In Ballard, the police officer’s responses to questions by the trial court indicated that his employment status would have no bearing on his ability to serve as a fair and impartial juror and that he would not be more inclined to believe or disbelieve a police officer testifying at trial simply because he was himself a police officer. Id. at 1078-1079.
Mr. Boyd attempts to distinguish his case from Ballard. He points out that unlike the juror in Ballard, this prospective juror is an active member of the New Orleans Police Department in the parish where the trial was being held. He also seeks to distinguish this juror from the juror in State v. Jones, 03-0829 (La.App. 4 Cir. 11/26/03), 862 So.2d 266. In Jones, the defendant attempted to disqualify a potential juror because that juror was a police officer. Jones too involved a New Orleans police officer, but one who was only assigned to the crime lab. In response, the prosecution argues that the controlling similarity among the three circumstances is that each of the prospective jurors declared — to the satisfaction of the trial judge — that he could be impartial despite his employment in law enforcement.
We note, too, the Louisiana Supreme Court’s decision in State v. Demise, 98-0541 (La.4/3/01), 802 So.2d 1224, a capital murder case. The Supreme Court there held that the trial court was not required to strike a New Orleans Police Lieutenant at the time of trial despite the fact that he knew the officers testifying. ^Because the lieutenant declared that he could be impartial, that he would not find the officers more credible, and that he would have no problem going back to work if a not guilty verdict was rendered, he satisfactorily demonstrated, according to the Court, that he was willing to decide the case impartially and according to law. See Deruise, 802 So.2d at 1235-1236.
C
A trial court is vested with broad discretion in ruling on challenges for cause, and these rulings will be reversed only when a review of the voir dire record as a whole reveals an abuse of discretion. See State v. Campbell, 06-0286, p. 73 (La.5/21/08), 983 So.2d 810, 858. We use this standard because the trial court has the benefit of seeing the facial expressions and hearing the vocal intonations of the members of the jury venire as they respond to questioning. State v. Kang, 02-2812, p. 7 (La.10/21/03), 859 So.2d 649, 654.
In view of the trial court’s enhanced perspective in evaluating the sincerity of the prospective juror’s declarations and his ability to be impartial and follow the judge’s instructions on the law, we find no abuse of her discretion in refusing to allow a challenge for cause.
II
In this Part we explain why we pretermit Mr. Boyd’s second assignment of error, regarding the exeessiveness of his sentence, vacate the sentence imposed and remand for a new sentencing.
17Initially, the record when lodged with us did not reflect that the district court ruled on the motion for post-verdict judgment of acquittal or the motion for new trial. During the pendency of this appeal, we remanded the post-trial motions to the district court for hearing and decision. On *646 remand, the district court denied both motions.[1] Clearly, the trial court had erroneously sentenced Mr. Boyd before disposing of the post-trial motions. See La.C.Cr.P. art. 821 A (“A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.”); La.C.Cr.P. art. 853 (“A motion for new trial must be filed and disposed of before sentence.”)
Moreover, whenever in a felony case as here “a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled.” La.C.Cr.P. art. 873.[2]
The failure of the trial court to dispose of these post-trial motions before imposing sentence, that is, the court’s failure to observe the delay, is an error patent. See La.C.Cr.P. art. 920(2). Because Mr. Boyd objects to the sentence imposed as being excessive, we must vacate the sentence and remand for resentencing.[3] See State v. Ashford, 03-1691, p. 7 (La.App. 4 Cir. 6/16/04), 878 So.2d 798, 802.[4]
1 .DECREE
The conviction of Kendrick Boyd for carjacking is affirmed. The sentence previously imposed upon him is vacated and the matter is remanded to the district court for resentencing. We note that Mr. Boyd retains his right to appeal the sentence imposed on remand.
CONVICTION AFFIRMED; SENTENCE VACATED, AND REMANDED FOR RESENTENCING

. Mr. Boyd assigns no error to those rulings.

. Article 873 also provides for a defendant’s express waiver of the delay in order have sentence imposed immediately.

. We have observed that the district judge, in imposing the now-vacated sentence, did not restrict parole eligibility on Mr. Boyd’s sentence as required by La. R.S. 14:64.2 B. But see La. R.S. 15:301.1 A (a sentence is "deemed to contain the provisions relating to the service of that sentence without benefit of probation, parole, or suspension of sentence.”); State v. Williams, 00-1725, p. 10 (La. 11/28/01), 800 So.2d 790, 799.

.See also our decisions in State v. Melancon, 01-1656, p. 3 (La.App. 4 Cir. 8/21/02), 826 So.2d 633, 636, and State v. Powell, 00-0484, p. 3 (La.App. 4 Cir. 1/24/01), 779 So.2d 67, 70.